1  TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
   *tbonder@rmslaw.com*
2  MICHAEL V. MANCINI, ESQ. (Cal. Bar No. 263799)
   *mmancini@rmslaw.com*
3  ROSENFELD, MEYER & SUSMAN LLP
   232 North Canon Drive
4  Beverly Hills, California 90210-5302
   Telephone: (310) 858-7700
5  Facsimile: (310) 860-2430

6  Attorneys for Defendant
   THADDEUS MICHAEL BULLARD, SR.
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 DONALD ANDERSON, an individual, )  Case No. 2:17-CV-06671 VAP (KSx)

12              Plaintiff,          )

13     v.                          )  **CERTIFICATE OF SERVICE OF**
                                   )  **AMENDED NOTICE TO ADVERSE**
14 THADDEUS MICHAEL BULLARD        )  **PARTY OF REMOVAL TO**
   SR. ("TITUS O'NEIL"), an individual; )  **FEDERAL COURT**
15 and DOES 1 through 300, Inclusive, )

16              Defendants.         )
   _____)

17

18

19      Cathleen R. Trope certifies and declares as follows:

20      I am over the age of 18 years and not a party to this action.

21      My business address is 232 North Canon Drive, Beverly Hills, California

22 90210-5302, which is located in the city, county and state where the mailing

23 described below took place.

24      As set forth in the attached Proof of Service by Mail, on September 14, 2017,

25 I served on plaintiff's counsel a copy of the Amended Notice to Adverse Party of

26 Removal of Action to Federal Court dated September 11, 2017, a copy of which is

27 attached to this Certificate as Exhibit A, by depositing in the United States Mail, at

28 Beverly Hills, California, a copy of said Amended Notice to Adverse Party of

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513469.02                          1

                                   CERTIFICATE OF SERVICE OF
                                   AMENDED NOTICE TO ADVERSE
                                   PARTY OF REMOVAL

1  Removal of Action to Federal Court addressed to plaintiff's counsel with postage

2  prepaid thereon. Said Amended Notice to Adverse Party of Removal of Action to

3  Federal Court was filed with the Los Angeles Superior Court on September 14,

4  2017.

5      I declare under penalty of perjury under the laws of the United States of

6  America and the State of California that the foregoing is true and correct.

7

8      Executed on September 14, 2017, at Beverly Hills, California.

9

10

11                                    Cathleen R Trope

12                                    CATHLEEN R. TROPE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513469.02                2                CERTIFICATE OF SERVICE OF
AMENDED NOTICE TO ADVERSE
PARTY OF REMOVAL

# Exhibit A

1  ROSENFELD, MEYER & SUSMAN LLP
   TODD W. BONDER (State Bar No. 116482)
2  MICHAEL V. MANCINI (State Bar No. 263799)
   232 North Canon Drive
3  Beverly Hills, California 90210-5302
   Telephone:  (310) 858-7700
4  Facsimile:  (310) 860-2430

5  Attorneys for Specially-Appearing Defendant
   THADDEUS MICHAEL BULLARD, SR.
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

10

11  DONALD ANDERSON, an individual,     )   Case No. BC 659834
                                        )
12          Plaintiff,                  )   **AMENDED NOTICE TO ADVERSE**
                                        )   **PARTY OF REMOVAL OF ACTION**
13      v.                              )   **TO FEDERAL COURT**
                                        )
14  THADDEUS MICHAEL BULLARD SR.        )   Assigned for all purposes to:
    ("TITUS O'NEIL"), an individual; and )  **Hon. Holly J. Fujie**
15  DOES 1 through 300, Inclusive,      )   [Dept. 98]
                                        )
16          Defendants.                 )   Complaint Filed:   May 2, 2017
                                        )   Discovery Cut-off:  None set
17                                      )   Motion Cut-off:    None set
                                        )   Trial Date:        None set
18  _____)

19

20      TO PLAINTIFF DONALD ANDERSON AND HIS ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the

22  United States District Court for the Central District of California on September 11, 2017,

23  under Federal Case Number 2:17-cv-06671 VAP (KSx).

24      A copy of said Notice of Removal is attached to this Notice as Exhibit 1, and is

25  again filed hereby and served herewith.  Attached hereto as Exhibit 2 and again served

26  herewith are copies of the following documents filed in the United States District Court for

27  the Central District of California along with said Notice of Removal: Civil Cover Sheet,

28  Defendant Thaddeus Michael Bullard, Sr.'s Notice of Related Cases, and Defendant

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513465.02

1
AMENDED NOTICE TO ADVERSE PARTY OF REMOVAL
OF ACTION TO FEDERAL COURT

3

1   Thaddeus Michael Bullard, Sr.'s Certification and Notice of Interested Parties.  Attached

2   hereto as Exhibit 3 and served herewith are copies of the following documents received

3   from the United States District Court for the Central District of California: Notice of

4   Assignment to United States Judges, Notice to Parties of Court-Directed ADR Program,

5   Notice to Parties: Court Policy on Settlement and Use of Alternative Dispute Resolution

6   (ADR).

7

8   DATED:  September 14, 2017      ROSENFELD, MEYER & SUSMAN LLP
                                      TODD W. BONDER

9                                              MICHAEL V. MANCINI

10

11                                  By:_____

12                                             Todd W. Bonder
                                     Attorneys for Specially-Appearing Defendant
                                     THADDEUS MICHAEL BULLARD, SR.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513465.02

2

AMENDED NOTICE TO ADVERSE PARTY OF REMOVAL
OF ACTION TO FEDERAL COURT

4

# Exhibit 1

1   TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
    *tbonder@rmslaw.com*
2   MICHAEL V. MANCINI, ESQ. (Cal. Bar No. 263799)
    *mmancini@rmslaw.com*
3   ROSENFELD, MEYER & SUSMAN LLP
    232 North Cañon Drive
4   Beverly Hills, California 90210-5302
    Telephone: (310) 858-7700
5   Facsimile: (310) 860-2430

6   Attorneys for Defendant
    THADDEUS MICHAEL BULLARD, SR.

7

8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DONALD ANDERSON, an individual, )  Case No.
                        )
12         Plaintiff, )
                        )   **NOTICE OF REMOVAL OF**
13     v.                   )   **ACTION PURSUANT TO 28 U.S.C.**
                        )   **§ 1441(b) (DIVERSITY)**
14   THADDEUS MICHAEL BULLARD )
    SR. ("TITUS O'NEIL"), an individual; )   (Superior Court of the State of
15   and DOES 1 through 300, Inclusive, )   California for the County of Los
                        )   Angeles, Case No. BC 659834)
16         Defendants. )

17

18       TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT

19   COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

20

21       PLEASE TAKE NOTICE that defendant Thaddeus Michael Bullard, Sr.

22   (hereinafter referred to as "Thaddeus Bullard, Sr.") hereby removes the above-

23   entitled action from the Superior Court of the State of California for the County of

24   Los Angeles to the United States District Court for the Central District of California,

25   based on the following:

26       1.   On May 2, 2017, an action was commenced in the Superior Court of

27   the State of California, County of Los Angeles, entitled *Donald Anderson, an*

28   *individual, Plaintiff, v. Thaddeus Michael Bullard Sr. ("Titus O'Neil"), an*

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513461.01                1                 NOTICE OF REMOVAL OF
ACTION PURSUANT TO
28 U.S.C. §1441(b)

1  *individual; and Does 1 through 300, Inclusive, Defendants*, as Case Number

2  BC659834. A copy of the complaint therein is attached hereto as Exhibit "A".

3      2.    The first date upon which defendant Thaddeus Bullard, Sr. received a

4  copy of the said complaint was August 23, 2017, when the said defendant was

5  purportedly served, via certified mail at his residence in the State of Florida, with a

6  copy of the said complaint. A copy of the summons from the said state court, which

7  summons was not served on defendant Thaddeus Bullard, Sr. with the said

8  complaint but was nevertheless obtained from the files of the said state court in the

9  above-mentioned action, is attached hereto as Exhibit "B". Copies of the Civil Case

10  Cover Sheet and Civil Case Cover Sheet Addendum and Statement of Location that

11  were served on defendant Thaddeus Bullard, Sr. with the complaint are attached

12  hereto as Exhibit "C". Copies of the Amendment to Complaint (Fictitious/Incorrect

13  Name) and Proof of Hand Delivery, both of which were obtained from the files of

14  the said state court in the above-mentioned action, are attached hereto as Exhibit

15  "D".

16      3.    This action is a civil action of which this Court has original jurisdiction

17  under 28 U.S.C. § 1332, and is one which may be removed to this Court by

18  defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil

19  action between citizens of different states and the matter in controversy exceeds the

20  sum of $75,000, exclusive of interest and costs, in that plaintiff Donald Anderson

21  asserts in his complaint damages of no less than $1,350,00.00, exclusive of interest

22  and costs, and seeks recovery thereof.

23      4.    As of the date of filing of this Notice of Removal of Action, no

24  defendant other than Thaddeus Bullard, Sr. has been served with process or

25  otherwise voluntarily appeared in the above-mentioned action.

26                **Complete Diversity of Citizenship Exists**

27      5.    As alleged in Plaintiff Donald Anderson's complaint in the above-

28  mentioned action, Plaintiff Donald Anderson was at the time the above-mentioned

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513461.01

2

NOTICE OF REMOVAL OF
ACTION PURSUANT TO
28 U.S.C. §1441(b)

1 state court action was filed, and still is, an individual citizen of the State of

2 California domiciled and residing therein.

3       6.    Defendant Thaddeus Bullard, Sr. was at the time the above-mentioned

4 state court action was filed, and still is, an individual citizen of the State of Florida

5 domiciled and residing in the State of Florida, and is the only defendant that has

6 been served with summons and complaint in the above-mentioned action.  Thaddeus

7 Bullard, Sr. is not, and was not at any relevant time, a citizen of the State of

8 California.

9       7.    As yet unserved defendant World Wresting Entertainment, Inc. was at

10 the time the above-mentioned state court action was filed, and still is, a corporation

11 organized and existing under the laws of the State of Delaware, with its principal

12 place of business in the State of Connecticut.  As such, defendant World Wresting

13 Entertainment, Inc. is a citizen of the State of Delaware and is domiciled in the State

14 of Connecticut.  World Wresting Entertainment, Inc. is not, and was not at any

15 relevant time, a citizen of the State of California.

16       8.    The said complaint also names defendants Does 2 through 300,

17 inclusive.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is

18 disregarded.

19       9.    This Court has removal jurisdiction over the above-mentioned action

20 pursuant to 28 U.S.C. § 1441(b) because of diversity.

21       10.    This Notice of Removal of Action is being filed within thirty (30) days

22 of service on the first-served defendant.  Thus, this Notice of Removal of Action is

23 timely filed under 28 U.S.C. § 1446(b).

24       11.    Because the above-mentioned action is pending in the Central District

25 of the Superior Court of the State of California, County of Los Angeles, removal of

26 said action to this district court is proper under 28 U.S.C. § 1441(a).

27       12.    As noted above, copies of the complaint, and Civil Case Cover Sheet

28 and Civil Case Cover Sheet Addendum and Statement of Location served in the

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513461.01

3

NOTICE OF REMOVAL OF
ACTION PURSUANT TO
28 U.S.C. §1441(b)

1  above-mentioned action, along with copies of the summons, Amendment to
2  Complaint (Fictitious/Incorrect Name) and Proof of Hand Delivery, which thus far
3  constitute the only pleadings, process or orders in said action, are all attached hereto
4  in compliance with 28 U.S.C. § 1446(a).  Counsel for defendant Thaddeus Bullard,
5  Sr. certifies that it will promptly serve on plaintiff's counsel and file with this Court
6  written notice of the filing of this Notice of Removal of Action on this date, and that
7  a copy of this Notice of Removal of Action will be filed with the Clerk of the
8  Superior Court of the State of California, County of Los Angeles, as soon as is
9  practicable.

10
11                                                    Respectfully submitted,

12  DATED:  September 11, 2017          TODD W. BONDER, ESQ.
                                                         MICHAEL V. MANCINI, ESQ.
13                                                    ROSENFELD, MEYER & SUSMAN LLP

14
                                                    By: _____/s/ Todd W. Bonder_____
15                                                              Todd W. Bonder
                                                         Attorneys for Defendant
16                                                    THADDEUS MICHAEL BULLARD, SR.

17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513461.01                                            4

NOTICE OF REMOVAL OF
ACTION PURSUANT TO
28 U.S.C. §1441(b)

8

# Exhibit A



1 | MCGUINNESS & ASSOCIATES
JOSEPH G. McGUINNESS - State Bar No. 115983
2 | 3858 Carson Street, Suite #301
Torrance, California 90503
3 | Telephone: (310) 792-0495
Facsimile: (310) 792-0520
4 |
Attorneys for Plaintiff
5 | DONALD ANDERSON

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 02 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Shanive Holden

6 | FSC: 1 07 1 6 / 2018 TRIAL 1 1 / 02 / 2018 OSC: 05 / 27 /2020

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

9 | B C 6 5 9 8 3 4

10 | DONALD ANDERSON, an individual,          Case No.

11 |                Plaintiff,               **COMPLAINT FOR DAMAGES FOR:**

12 |     vs.                                 (1)   BATTERY AGAINST ALL
                                                  DEFENDANTS;
13 | THADDEUS MICHAEL BULLARD SR.           (2)   ASSAULT AGAINST ALL
     ("TITUS O'NEIL"), an individual; and         DEFENDANTS;
14 | DOES 1 through 300, Inclusive           (3)   WILLFUL MISCONDUCT
                                                  AGAINST ALL DEFENDANTS;
15 |                Defendants.              (4)   NEGLIGENCE AGAINST ALL
                                                  DEFENDANTS;
16 |                                         (5)   NEGLIGENCE AGAINST WWE;
                                            (6)   GROSS NEGLIGENCE
17 |                                               AGAINST ALL DEFENDANTS;
                                            (7)   GROSS NEGLIGENCE
18 |                                               AGAINST WWE;
                                            (8)   INTENTIONAL INFLICTION OF
19 |                                               EMOTIONAL DISTRESS
                                                  AGAINST ALL DEFENDANTS;
20 |                                         (9)   NEGLIGENT INFLICTION OF
                                                  EMOTIONAL DISTRESS
21 |                                               AGAINST ALL DEFENDANTS

22 |                                         **JURY TRIAL DEMANDED** By Fax

23 |     Plaintiff, Donald Anderson, hereby demands jury trial on each and every action

24 | and item of damage prayed for herein.  Plaintiff alleges as follows:

25 |

26 |

27 |

28 |

COMPLAINT FOR DAMAGES

## THE PARTIES

1.     At all times mentioned herein, Plaintiff Donald Anderson ("Anderson" or "Plaintiff") was, and now is, an individual residing in Woodland Hills, California.

2.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Thaddeus Michael Bullard Sr., who is known by the stage name "Titus O'Neil," ("Titus O'Neil") is an individual, doing business in California.

3.     Plaintiff is informed and believes, and based thereon alleges, that DOES 1-100, and each of them, are corporations or business entities of unknown form, that are known as or associated with World Wrestling Entertainment ("WWE") doing business in California. There are several existing WWE entities. Informal efforts taken to identify the specific WWE entities involved have been unsuccessful. Upon identifying such specific entities, then such entities will be named herein. In the meaning, the term "WWE" shall mean any and all WWE entity that has involvement in the events described herein.

4.     The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as DOES 1-300 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that defendants DOES 1-300, and each of them, are legally responsible to Plaintiff for the relief sought herein and have liability to Plaintiff for all matters alleged herein.

5.     Plaintiff is further informed and believes and based thereon alleges that all defendants and DOES 1-300, and each of them, are and were the agent, servant, employee, principal, master, employer, partner and/or joint venturer of, and/or with, every other defendant and doing the acts complained of herein, was acting within the scope of the relationship existing among defendants. Plaintiff will ask leave to amend this complaint to show the true names and capacities of the defendant DOES when the same have been ascertained.

6.     All defendants, collectively, including Titus O'Neil, WWE and DOES 101 - 300, inclusive, shall be referred to herein as "Defendants."

COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1

2      7.     Anderson was engaged by Uranus Productions, LLC ("Uranus") to work in

3  conjunction with WWE and its respective employees, agents, heirs, representatives, successors,

4  assign, servants, officers, directors, insurers and/or predecessors, to produce an "electric shock

5  prank" television show.

6      8.     The WWE is one of the top global entertainment brands in the world.

7      9.     The WWE operates, and in some manners owns the "WWE Network." The

8  WWE Network is an international, subscription-based video streaming service that provides

9  access to WWE entertainment content and other products.

10     10.    WWE programming content is available at the WWE's official YouTube

11  channel (YouTube.com/WWE) and otherwise.

12     11.    The WWE Network currently features shows called "Swerved" on YouTube,

13  and other shows, on which a hidden camera prank show is filmed and distributed as

14  entertainment, and which features WWE wrestlers and performers.

15     12.    On one such episode of the WWE Network show Swerved, the season one finale

16  published on March 15, 2016, WWE representative, performer, and "Superstar" Paige, is

17  featured hunting down fellow WWE "Superstars" with an electric shock stick, and shocking

18  WWE "Superstars." The episode currently has 1,615,136 views.[1]

19     13.    On or about May 18, 2015, Anderson was on the premises occupied, controlled

20  and managed by the WWE, during the production of the WWE electric shock prank program.

21  At the time, Anderson was a camera operator for Uranus, which had been retained by WWE to

22  produce this filming show and create such content for WWE entertainment purposes. Anderson

23  had no other role and undertook no other actions. WWE specifically directed Uranus, that

24  WWE would select its own representatives to organize, manage and direct the electric shock

25

26

27      [1] The 1,615,136 views was current as of March 29, 2017. Total views likely have

28  increased since this date, and will continue to do so.

1  prank activity.  Consequently, WWE representatives undertook the job of selecting specific

2  WWE personalities as targets, on which to use the electric shock device.

3       14.    Unbeknownst to Anderson, Plaintiff is informed and believes, and based thereon

4  alleges, that WWE representatives had been authorized, encouraged, and directed by WWE

5  management to "prank" WWE wrestlers and performers, and to cooperate fully with Uranus to

6  develop an exciting show.  Defendant Titus O'Neil was known by the WWE as possessing

7  significant anger management issues.

8       15.    WWE representatives provided a tour of the facility for the prank, and during

9  that tour, used the electric shock device on various WWE superstars and personalities.

10  Anderson followed closely behind WWE representatives, as he was directed to do, to film said

11  WWE representatives actions, using a hand-held camera.

12       16.    WWE representatives selected defendant Titus O'Neil as a target and prank

13  subject, and used the electric shock device on him.

14       17.    Titus O'Neil is a 6'6" 265 lbs ex-professional football player and current

15  professional WWE wrestler "Superstar."  The WWE website maintains a WWE Superstar

16  profile, which states, Titus O'Neil "knows a thing or two about hard-hitting physical

17  dominance."  [http://www.wwe.com/superstars/titus-oneil].



18

19

20

21

22

23

24

25

26       18.    Once WWE representatives shocked Titus O'Neil with the electric shock device,

27  Titus O'Neil became enraged and began shouting, and he raced up to plaintiff Anderson in a

28  threatening manner,

COMPLAINT FOR DAMAGES

19. Defendant Titus O'Neil proceeded to forcefully kick Anderson's wrist, hand and fingers, which were supporting and grasping the camera to film the prank activity. The blow by Titus O'Neil to Anderson's body was so strong that the camera, along with Anderson's hand, fingers and wrist were violently propelled outward from Anderson's person as a result of Titus O'Neil's powerful kick. The kick caused permanent and long term injuries to Anderson's wrist and hand, and his fingers were impacted and injured for a significant initial period of time.

20. Directly following the incident, Anderson was told by WWE personnel that he was not safe on the premises, that Titus O'Neil could not be controlled, and that Anderson had to leave immediately because defendant Titus O'Neil had become unmanageable and presented an ongoing threat of harm to Anderson. Plaintiff was whisked away from the scene of the incident, in fear of the possibility of further attacks by Titus O'Neil.

21. WWE failed to maintain a well-supervised, secure, managed, safe environment inside the arena, of which it had complete control, both at and after the time the incident took place.

22. Venue is appropriate in Los Angeles Superior Court, California, because Plaintiff Anderson has at all relevant times herein resided, and presently resides in Sherman Oaks, California, and all defendants do business in Los Angeles, California.

## FIRST CAUSE OF ACTION

### (Battery Against All Defendants)

23. Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

24. Defendant Titus O'Neil deliberately and intentionally kicked Anderson's wrist, hand and fingers, which were supporting and grasping the camera to film the prank activity, causing the camera along with Anderson's hand, fingers and wrist to be violently propelled outward from Anderson's person.

25. Defendant Titus O'Neil intended to cause and did cause a harmful contact with plaintiff Anderson's person.



-5-

COMPLAINT FOR DAMAGES

26. Anderson did not consent to defendant Titus O'Neil's act.

27. WWE is liable of for the actions of Titus O'Neil under the doctrine of respondeat superior.

28. As a direct and proximate result of defendant Titus O'Neil's conduct, Anderson suffered painful, severe, and debilitating injuries to his hand and wrist, in a manner restricting and limiting his professional endeavors and income.

29. Plaintiff has also suffered extreme mental anguish and physical pain. Plaintiff Anderson is informed and believes, and on that basis alleges, that he has suffered a permanent disability in mobility to his wrist.

30. As a direct and proximate result of defendant Titus O'Neil's conduct, Anderson has sustained injuries that have caused Plaintiff to suffer general damages in an amount not less than $1,200,000.00, and in an amount to be determined by proof at trial.

31. As a further direct and proximate result of defendant Titus O'Neil's conduct, Anderson was unable to work full time for a period of not less than six months, then suffered restricted ability to work and accordingly, lost wages in an amount according to proof at trial. Plaintiff also incurred medical expenses in an amount in excess of $150,000.00 as result of his significant injuries.

32. Defendant Titus O'Neil's action was done knowingly, willfully, and with malicious intent, and plaintiff Anderson is entitled to punitive damages in an amount to be determined by proof at trial.

## SECOND CAUSE OF ACTION

### (Assault Against All Defendants)

33. Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

34. Defendant Titus O'Neil intended to cause and did cause plaintiff Anderson to suffer apprehension of an immediate harmful contact.





COMPLAINT FOR DAMAGES

35. Anderson reasonably believed that he was about to be harmed and injured, and was harmed and injured as a result of defendant Titus O'Neil's kick.

36. WWE is liable of for the actions of Titus O'Neil under the doctrine of respondeat superior.

37. As a direct and proximate result of defendant Titus O'Neil's conduct, Anderson has sustained injuries that have caused Plaintiff to suffer general damages in an amount not less than $1,200,000.00, and in an amount to be determined by proof at trial as well as severe emotional distress.

38. As a further direct and proximate result of defendant Titus O'Neil's conduct, Anderson was unable to work full time for a period of not less than six months, then suffered restricted ability to work and accordingly, lost wages in an amount according to proof at trial. Plaintiff also incurred medical expenses in an amount in excess of $150,000.00 as result of his significant injuries.

39. Defendant Titus O'Neil's action was done knowingly, willfully, and with malicious intent, and plaintiff Anderson is entitled to punitive damages in an amount to be determined by proof at trial.

### THIRD CAUSE OF ACTION

### (Willful Misconduct Against all Defendants)

40. Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

41. During the time at which Anderson was filming the electric shock prank, Defendants, and each of them, knew or should have known the perils posed by their failures to comply with their duties of care to act as a reasonably prudent WWE professional, employee, agent, manager, occupier, superior, representative, successor, assign, servant, officer or director would act under the same circumstances.

-7-

COMPLAINT FOR DAMAGES

42.   During the time at which Anderson was filming the electric shock prank, Defendants knew or should have known that the perils posed by their failure to comply with their standards of care to act as a reasonably prudent WWE professional, employee, agent, manager, occupier, superior, representative, successor, assign, servant, officer or director would, exposed Anderson to the high probability of serious injury.

43.   During the time at which Anderson was filming the electric shock prank, Defendants knowingly disregarded the aforesaid perils and high probability of injury to Anderson, and in doing so, failed to comply with their duties and the standards of care set forth above. Certain of their willful misconduct and failures include:

a.   Knowing the perils involved in forcefully kicking the hand, fingers and wrist of Anderson, and knowing and intending to exert force, Titus O'Neil purposefully and intentionally kicked Anderson, and acted knowing full well the powerful blow to Anderson's body would cause severe injury to him, and intending to cause injury to Anderson. Titus O'Neil acted with conscious disregard for the safety of Anderson.

b.   Knowing the perils involved in selecting and enabling Paige to direct the electric shock prank and target WWE wrestlers, known for their violent propensities and egocentric personalities, and knowing the prank would likely and probably create a risk of danger and injury to others, the WWE nevertheless facilitated the prank at its own facilities, to promote and advance the notoriety of its enterprise and to create an entertainment product for sale to its public. The WWE failed to make any effort to ensure the safety and security of those engaged to undertake this work on the premises which were occupied, controlled and operated by the WWE. By facilitating a knowingly dangerous prank, failing to properly manage reactions to that prank, and failing to provide proper security and safe conditions inside of a premises it controlled and occupied, the WWE

1    acted with conscious disregard for the safety of others, in particular

2    Anderson.

3    44.    As a direct and proximate result of Defendants' wilful misconduct, Anderson

4    has sustained injuries that have caused Plaintiff to suffer general damages in an amount not less

5    than $1,200,000.00, and in an amount to be determined by proof at trial, as well as severe

6    emotional distress.

7    45.    As a further direct and proximate result of Defendants' wilful misconduct,

8    Anderson was unable to work full time for a period of not less than six months, then suffered a

9    restricted ability to work and accordingly, lost wages in an amount according to proof at trial.

10   Plaintiff also incurred medical expenses in an amount in excess of $150,000.00 as result of his

11   significant injuries.

12   46.    By virtue of the foresaid, Defendants have acted with conscious disregard of the

13   probability of Anderson's unwelcome, undesired and unauthorized injury to his person.

14   Defendants' conscious failure and refusal to act in such a way as to avoid danger and injury to

15   Anderson; Defendants' willingness to act in such a manner knowing the probable dangers and

16   consequences of their conduct; and Defendants' willful and deliberate failure to make any effort

17   to avoid such obvious perils, is deplorable, malicious, heinous and reckless. Punitive damages

18   should be assessed against Defendants, and each of them, in a sum according to proof at trial.

19                          **FOURTH CAUSE OF ACTION**

20                          **(Negligence Against All Defendants)**

21   47.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and

22   incorporates each and every of these paragraphs by this reference as though fully set forth in

23   this cause of action.

24   48.    Defendant Titus O'Neil, was under a duty to exercise care commensurate with

25   the foreseeable risk of danger created by a 6'6", 265 lbs ex-professional football player and

26   current professional WWE Superstar wrestler exuding a forceful kick to the modestly built

27   body of Anderson, who was helplessly vulnerable to Titus O'Neil's overwhelming strength,

28   speed, and athleticism.

49. Because of his undeniable strength and power, defendant Titus O'Neil knew or should have known that his act of forcefully kicking the hand of Anderson would cause severe and serious injury to plaintiff Anderson. Titus O'Neil's targeting of a modestly built man to take the punishment for his anger, left Anderson shamed, humiliated and entirely emasculated as he could not dare to defend himself or to respond in any manner.

50. Defendant Titus O'Neil breached his duty and failed to exercise reasonable care commensurate with the reasonably foreseeable risk of injury in racing toward Anderson in a threatening manner and forcefully kicking Anderson's hand.

51. WWE is liable of for the actions of Titus O'Neil under the doctrine of respondeat superior.

52. As a direct and proximate result of the negligent acts as set forth above, plaintiff Anderson suffered personal injuries, including but not limited to: serious long term injuries to his hand and wrist; injuries to his hand, wrist and fingers and severe emotional distress.

53. As a direct and proximate result of the negligent acts set forth above, Anderson has had to attend multiple doctor visits, receive medical care, and endure multiple surgeries. Further, Plaintiff suffers physical loss of use with respect to his wrist; pain and suffering, and the overriding grief from his loss of and diminished capacity to perform the camera work required for his profession; and lost income and earnings and severe emotional distress.

54. As a direct and proximate result of defendant Titus O'Neil's conduct, Anderson has sustained injuries that have caused Plaintiff to suffer general damages in an amount not less than $1,200,000.00, and in an amount to be determined by proof at trial.

55. As a further direct and proximate result of defendant Titus O'Neil's conduct, Anderson was unable to work full time for a period of not less than six months, then suffered restricted abilities to work and accordingly, lost wages in an amount according to proof at trial. Plaintiff also incurred medical expenses in an amount in excess of $150,000.00 as result of his significant injuries.

## FIFTH CAUSE OF ACTION

### (Negligence Against WWE)

56.   Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

57.   Defendant WWE initiated, directed, authorized, exploited, utilized and facilitated an inherently dangerous "prank" activity work within facilities that Plaintiff is informed and believes, and thereon alleges, that the WWE occupied, were in possession of, managed, controlled and operated (herein after "WWE Controlled Premises"), to promote and advance the notoriety of its enterprise, and to produce its branding and product (hereinafter "WWE Business Operations"), and failed to ensure safe conditions within that premises and the safety and security of those engaged to undertake this prank activity work, and to further and support WWE's Business Operations on the WWE Controlled Premises.

58.   Plaintiff is informed and believes, and thereon alleges, that all times mentioned in this complaint, defendant WWE (a) operated and/or managed the facility where the incident occurred; (b) operated, authorized, controlled and supervised the "prank" activities which were relating to the WWE and/or WWE representatives, agents, employees and/or personalities; or (c) otherwise were legally responsible for the activities taking place on the WWE premises and the safety of individuals on the WWE Controlled Premises.  The WWE owed a duty to Anderson to conduct its activities with reasonable care.

59.   Because of the inherently dangerous nature of the prank activity, and the violent and erratic propensities of the targets of the prank activity the WWE knew or should have known, that failing to properly secure its premises and those occupying areas of the prank activities, would create a dangerous environment and a risk of danger and injury to those occupying areas of the prank activities on WWE Controlled Premises, including Anderson.

60.   Defendant WWE breached its duty to plaintiff Anderson by failing to exercise ordinary care and due diligence, negligently permitting the dangerous circumstances to exist, and by failing to establish a safe workplace plan, adequate security measures and to maintain a



COMPLAINT FOR DAMAGES

19

secure a reasonably safe facility, and failed to otherwise exercise due care with respect to the matters alleged in this complaint.

61.    As a direct and proximate result of the negligence of the WWE as set forth above, plaintiff Anderson sustained severe injury to his wrist and hand, and is entitled to recover compensatory damages in an amount according to proof at trial.

62.    As a direct and proximate result of the WWE's conduct, Anderson has sustained injuries that have caused Plaintiff to suffer general damages in an amount not less than $1,200,000.00, and in an amount to be determined by proof at trial as well as severe emotional distress.

63.    As a further direct and proximate result of the WWE's conduct, Anderson was unable to work full time for a period of not less than six months, then suffered restricted ability to work, and accordingly, lost wages in an amount according to proof at trial.  Plaintiff also incurred medical expenses in an amount in excess of $150,000.00 as result of his significant injuries.

64.    As a further direct and proximate result of the negligence of the WWE as set forth above, Anderson sustained serious long term injuries which have resulted in multiple doctor visits, medical care, multiple surgeries, physical loss of use with respect to his wrist, and the overriding grief from his loss of and diminished capacity to perform the camera work required for his profession, which has resulted in lost income.

## SIXTH CAUSE OF ACTION

### (Gross Negligence Against All Defendants)

65.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

66.    As alleged herein, on May 18, 2015, Anderson was on the WWE Controlled Premises to film a prank activity.  As further alleged herein, defendant Titus O'Neil's conduct constituted a want of even scant care and an extreme departure from the ordinary standard of

1 | conduct.  Such outrageous lack of care represents an extreme departure from the ordinary

2 | standard of conduct, and such grossly negligent conduct resulted in Anderson's severe injuries.

3 |    67.   As the direct and proximate result of defendant Titus O'Neil's grossly negligent

4 | conduct, Anderson's hand and wrist were severely injured and his wrist permanently damaged.

5 | Plaintiff Anderson is entitled to recover compensatory damages in an amount according to

6 | proof.

7 |    68.   WWE is liable for the actions of Titus O'Neil under the doctrine of respondeat

8 | superior.

9 |    69.   As a direct and proximate result of defendant Titus O'Neil's conduct, Anderson

10 | has sustained injuries that have caused Plaintiff to suffer general damages in an amount not less

11 | than $1,200,000.00, and in an amount to be determined by proof at trial as well as severe

12 | emotional distress.

13 |    70.   As a further direct and proximate result of defendant Titus O'Neil's conduct,

14 | Anderson was unable to work full time for a period of not less than six months, then suffered

15 | restricted ability to work, and accordingly, lost wages in an amount according to proof at trial.

16 | Plaintiff also incurred medical expenses in an amount in excess of $150,000.00 as result of his

17 | significant injuries.

18 |    71.   As alleged herein, defendant Titus O'Neil was guilty of willful misconduct, and

19 | plaintiff Anderson should recover, in addition to actual damages, punitive damages to punish

20 | defendant Titus O'Neil for his outrageous lack of care.

21 | **SEVENTH CAUSE OF ACTION**

22 | **(Gross Negligence Against WWE)**

23 |    72.   Plaintiff repeats and realleges each and every of the foregoing paragraphs and

24 | incorporates each and every of these paragraphs by this reference as though fully set forth in

25 | this cause of action.

26 |    73.   As alleged herein, on May 18, 2015, Anderson was on the WWE Controlled

27 | Premises to film a prank activity on it facilities, to promote and advance the notoriety of its

28 |





1   enterprise.  As further alleged herein, the WWE's conduct constituted a want of even scant care

2   and an extreme departure from the ordinary standard of conduct.  Such outrageous lack of care

3   represents an extreme departure from the ordinary standard of conduct, and such grossly

4   negligent conduct resulted in Anderson's severe injuries.

5        74.    The WWE's negligent acts were a substantial factor in causing Anderson severe

6   emotional distress.

7        75.    As the direct and proximate result of the WWE's grossly negligent conduct,

8   Anderson's hand, wrist and fingers were severely injured and his wrist permanently damaged,

9   and plaintiff Anderson is entitled to recover compensatory damages in an amount according to

10  proof.

11       76.    As a direct and proximate result of defendant WWE's conduct, Anderson has

12  sustained injuries that have caused Plaintiff to suffer general damages in an amount not less

13  than $1,200,000.00, and in an amount to be determined by proof at trial as severe emotional

14  distress.

15       77.    As a further direct and proximate result of defendant WWE's conduct, Anderson

16  was unable to work full time for a period of not less than six months, then suffered restricted

17  ability to work, and accordingly, lost wages in an amount according to proof at trial.  Plaintiff

18  also incurred medical expenses in an amount in excess of $150,000.00 as result of his

19  significant injuries.

20       78.    As alleged herein, the WWE was guilty of willful misconduct, and plaintiff

21  Anderson should recover, in addition to actual damages, punitive damages to punish the WWE

22  for its outrageous lack of care.

23                        EIGHTH CAUSE OF ACTION

24        (Intentional Infliction of Emotion Distress Against All Defendants)

25       79.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and

26  incorporates each and every of these paragraphs by this reference as though fully set forth in

27  this cause of action.

28



-14-
COMPLAINT FOR DAMAGES

1       80.   Plaintiff is informed and believes, and thereon alleges that, such acts of

2   Defendants, and each of them, were intentional, extreme, and outrageous.  Plaintiff is further

3   informed and believes, and thereon alleges, that such actions were done with the intent to cause

4   serious emotion distress or with reckless disregard of the probability of causing Plaintiff serious

5   emotional distress.

6       81.   Defendants' intentional acts were a substantial factor in causing Anderson

7   severe emotional distress.

8       82.   As a direct legal and proximate result of such acts of Defendants, and each of

9   them, Plaintiff suffered both severe emotional distress and severe, serious and permanent

10   injuries to his person, all to his damage in a sum to be showed according to proof at trial.

11       83.   As a direct, legal and proximate result of such acts of Defendants, and each of

12   them, Plaintiff was compelled to and did employ the services of hospital, physicians and

13   surgeons, nurses, and the like, to care for and treat him, and did incur hospital, medical,

14   professional and incidental expenses.

15       84.   Plaintiff is informed and believes, and upon such information and belief alleges,

16   that he will necessarily by reason of his injuries, incur additional like expenses for an indefinite

17   period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

18       85.   As a direct and proximate result of Defendants' conduct, Anderson has sustained

19   injuries that have caused Plaintiff to suffer general damages in an amount not less than

20   $1,200,000.00, and in an amount to be determined by proof at trial.

21       86.   As a further direct and proximate result of Defendants' conduct, Anderson was

22   unable to work full time for a period of not less than six months,  then suffered restricted ability

23   to work, and accordingly, lost wages in an amount according to proof at trial.  Plaintiff also

24   incurred medical expenses in an amount in excess of $150,000.00 as result of his significant

25   injuries.

26

27

28

87.    Plaintiff is informed and believes that such acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute willful misconduct against Plaintiff, entitle Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

### NINTH CAUSE OF ACTION

#### (Negligent Infliction of Emotion Distress Against All Defendants)

88.    Plaintiff repeats and realleges each and every of the foregoing paragraphs and incorporates each and every of these paragraphs by this reference as though fully set forth in this cause of action.

89.    Plaintiff is informed and believes, and thereon alleges that, such Defendants, and, and each of them, owed a duty to care to ensure that Plaintiff was not exposed to foreseeable harms.

90.    Defendants, and each of them, knew or should have known, that their acts and failure to act and exercise due care, to prevent Plaintiff from danger, harm and injury, would and could cause Plaintiff to suffer severe emotional distress.

91.    As a direct and proximate result of the Defendants, and each of them, negligent acts and conduct, as aforesaid, Plaintiff has been caused to and did suffer, and continues to suffer severe and extreme mental and emotional distress, including but not limited to suffering, anguish, worry, humiliation, depression, anxiety, stress, and loss of confidence.

92.    Defendants', and each of them, negligence was substantial factor in causing Plaintiff's severe emotional distress.

93.    As a direct and proximate result of defendant Defendants' conduct, Anderson has sustained injuries that have caused Plaintiff to suffer general damages in an amount not less than $1,200,000.00, and in an amount to be determined by proof at trial.

94.    As a further direct and proximate result of defendant Defendants' conduct, Anderson was unable to work full time for a period of not less than six months, and accordingly, lost wages in an amount according to proof at trial.  Plaintiff also incurred medical expenses in an amount in excess of $150,000.00 as result of his significant injuries.

-16-
COMPLAINT FOR DAMAGES

95.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer damages as alleged herein.

WHEREFORE, Plaintiff prays judgment as to all defendants as follows:

1.   For judgment according to proof at trial for his compensable damages;

2.   For punitive damages according to proof at trial;

3.   For interest according to law;

4.   For costs of suit incurred herein;

5.   For such other and further relief as this court may deem just and proper.

Dated: May 1, 2017

MCGUINNESS & ASSOCIATES

By: _____
Joseph G. McGuinness
Attorneys for Plaintiff
Donald Anderson

# **Exhibit B**

| | SUM-100 |
|---|---|
| # SUMMONS<br>*(CITATION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THADDEUS MICHAEL BULLARD SR. ("TITUS O'NEIL"), an
individual; and DOES 1 through 300, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONALD ANDERSON, an individual,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 0 2 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Shamya Bolden

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LASC Central District<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso)* **BC 659834** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph G. McGuinness, McGuinness & Assoc., 3858 Carson St., Ste. 301, Torrance, CA. (310) 792-0495

| DATE: 6/21/16   MAY 0 2 2017<br>*(Fecha)* | SHERRI R. CARTER<br>Clerk, by<br>*(Secretario)* _J. Bolden_, Deputy<br>*(Adjunto)*<br>SHAUNYA BOLDEN |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

# Exhibit C

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOSEPH G. McGUINNESS - State Bar No. 115983<br>McGuinness & Associates<br>3858 Carson Street, Suite 301<br>Torrance, CA 90503<br>TELEPHONE NO.: 310-792-0495    FAX NO.: 310-792-0520<br>ATTORNEY FOR (Name): Donald Anderson | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 0 2 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Shaunya Bolden |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Donald Anderson v. Thaddeus Michael Bullard, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 6 5 9 8 3 4**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[✓] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 9 (Nine)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: May 1, 2017
Joseph G. McGuinness
_____          _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
   Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (non-domestic relations)
   Sister State Judgment
   Administrative Agency Award (not unpaid taxes)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
   Declaratory Relief Only
   Injunctive Relief Only (non-harassment)
   Mechanics Lien
   Other Commercial Complaint Case (non-tort/non-complex)
   Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                          **CIVIL CASE COVER SHEET**                          Page 2 of 2

| SHORT TITLE: Anderson v. Bullard | CASE NUMBER BC 6 5 9 8 3 4 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**By Fax**

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES.  LIMITED CASE? ☐ YES.  TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos – Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☑ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE | Anderson v. Bullard | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)  **CIVIL CASE COVER SHEET ADDENDUM**  Local Rule 2.0
LASC Approved 03-04  **AND STATEMENT OF LOCATION**  Page 2 of 4

| SHORT TITLE: Anderson v. Bullard | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 9. |
| | | ☐ A6160  Abstract of Judgment | 2, 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9. |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2, 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 4, 8. |
| | | ☐ A6100  Other Civil Petition | 2, 9. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: Anderson v. Bullard | CASE NUMBER: |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 22010 Del Valle St. |
|---|---|
| ☐1. ☐2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Woodland Hills | STATE: CA | ZIP CODE: 91364 |
|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 1, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

# **Exhibit D**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 115983 | *Reserved for Clerk's File Stamp* |
|---|---|---|
| Joseph G. McGuinness<br>McGuinness & Associates<br>3858 Carson Street, Suite 301<br>Torrance, CA 90503 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 23 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Jenny Chea |

ATTORNEY FOR (Name): Donald Anderson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90503

PLAINTIFF:
Donald Anderson

DEFENDANT:
Thaddeus Michael Bullard, Sr., et al,

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC659834, 540 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*                               By Fax

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME:
DOE 1

and having discovered the true name of the defendant to be:
TRUE NAME:
World Wrestling Entertainment, Inc.:

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 6/23/2017 | Joseph G. McGuinness | *Joseph H. McG___* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:
INCORRECT NAME

and having discovered the true name of the defendant to be:
TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

Dated _____                    _____ Judicial Officer

LACIV 105 (Rev. 01/07)            **AMENDMENT TO COMPLAINT**            Code Civ. Proc., §§ 471.5,
LASC Approved 03-04              **(Fictitious / Incorrect Name)**              472, 473, 474

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.:<br>(310)792-0495 | FOR COURT USE ONLY |
| --- | --- | --- | --- |
| Jeffrey Flashman, 161186<br>McGuinness & Associates<br>3858 Carson Street, Suite 301<br>Torrance, CA 90503 | | Ref. No. or File No. | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
| ATTORNEY FOR (Name): Plaintiff | | Anderson v. Bullard | MAY 1 1 2017 |
| Insert name of court, judicial district or branch court, if any:<br>Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 | | | Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Shaunya Bolden |

PLAINTIFF:
Donald Anderson

DEFENDANT:
Thaddeus Michael Bullard Sr., et. al.

| PROOF OF HAND DELIVERY | DATE:<br>06/19/2017 | TIME:<br>10:00AM | DEPT/DIV:<br>98 | CASE NUMBER:<br>BC659834 |
| --- | --- | --- | --- | --- |

I delivered copies of the following:   Deposition Subpoena for Production of Business Records

NAME OF PARTY: Uranus Productions, LLC

DELIVERED TO: "Jane Doe"(Asian/Female/5'3/30/150/blk) - Receptionist

DATE & TIME OF DELIVERY: 05/08/2017          1:45PM          **BY FAX**

ADDRESS, CITY, AND STATE: 9100 WILSHIRE BLVD , STE 1000W

BEVERLY HILLS, CA 90212

Witness fees and mileage both ways, if applicable, were offered or demanded and paid. Amount $ 15

Date: 05/10/2017

Daisy Castaneda
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947
415-491-0606                                 *Daisy Castaneda*

                                Signature: _____

982(b)(23)(New July 1, 1987)

                                                OL# 11047344

# Exhibit 2

Case 2:17-cv-06671   Document 2   Filed 09/11/17   Page 1 of 3   Page ID #:61

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )<br>DONALD ANDERSON, an individual | DEFENDANTS ( Check box if you are representing yourself ☐ )<br>THADDEUS MICHAEL BULLARD, SR., an individual; and<br>DOES 1 through 300, Inclusive |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Los Angeles<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY) |
| (c) Attorneys (Firm Name, Address and Telephone Number) If you are<br>representing yourself, provide the same information.<br>MCGUINNESS & ASSOCIATES<br>3858 Carson Street, Suite #301, Torrance, CA  90503<br>Phone: (310) 792-0495 | Attorneys (Firm Name, Address and Telephone Number) If you are<br>representing yourself, provide the same information.<br>ROSENFELD, MEYER & SUSMAN LLP<br>232 N. Canon Drive, Beverly Hills, CA 90210<br>Phone: (310) 858-7700 |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

| | |
|---|---|
| ☐ 1. U.S. Government Plaintiff | ☐ 3. Federal Question (U.S. Government Not a Party) |
| ☐ 2. U.S. Government Defendant | ☒ 4. Diversity (Indicate Citizenship of Parties in Item III) |

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1. Original Proceeding | ☒ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened | ☐ 5. Transferred from Another District (Specify) | ☐ 6. Multidistrict Litigation - Transfer | ☐ 8. Multidistrict Litigation - Direct File |

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:**  ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:**  ☐ Yes  ☒ No  **☒ MONEY DEMANDED IN COMPLAINT: $** 1,350,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 (a)                    Diversity jurisdiction over state law personal injury claims

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | **Other:** | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☒ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | | |
|---|---|---|---|
| CV-71 (05/17) | | CIVIL COVER SHEET | Page 1 of 3 |

Case 2:17-cv-06671   Document 2   Filed 09/11/17   Page 2 of 3   Page ID #:62

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☒ Yes ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question B.2. |
|---|---|---|
| ☐ Yes ☒ No | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question C.2. |
|---|---|---|
| ☐ Yes ☒ No | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (05/17)                          CIVIL COVER SHEET                          Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court?          ☒ NO          ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed in this court?
                                                                                      ☒ NO          ☐ YES

If yes, list case number(s):

Civil cases are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

A civil forfeiture case and a criminal case are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**          DATE: September 11, 2017

Notice to Counsel/Parties: The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (05/17)                                              CIVIL COVER SHEET                                              Page 3 of 3

1   TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
    *tbonder@rmslaw.com*
2   MICHAEL V. MANCINI, ESQ. (Cal. Bar No. 263799)
    *mmancini@rmslaw.com*
3   ROSENFELD, MEYER & SUSMAN LLP
    232 North Canon Drive
4   Beverly Hills, California 90210-5302
    Telephone: (310) 858-7700
5   Facsimile: (310) 860-2430

6   Attorneys for Defendant
    THADDEUS MICHAEL BULLARD, SR.

7

8             **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DONALD ANDERSON, an individual,   )  Case No.
                            )
12           Plaintiff,         )
                            )  **DEFENDANT THADDEUS**
13       v.                    )  **MICHAEL BULLARD, SR.'S**
                            )  **NOTICE OF RELATED CASES**
14   THADDEUS MICHAEL BULLARD   )  **[L.R. 83-1.3.1]**
    SR. ("TITUS O'NEIL"), an individual;   )
15   and DOES 1 through 300, Inclusive,   )
                            )
16          Defendants.      )
    —————————————————————————)

17

18

19

20       TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

21   THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND

22   THEIR ATTORNEYS OF RECORD:

23

24       NOTICE IS HEREBY GIVEN by defendant Thaddeus Michael Bullard, Sr.,

25   pursuant to Local Civil Rule 83-1.3.1, that the above-numbered case appears to <u>not</u>

26   ///

27   ///

28   ///

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513467.01              1                   DEFENDANT'S NOTICE OF
                                     RELATED CASES

38

1   be related to any other case presently pending before the United States District

2   Court for the Central District of California.

3

4   DATED: September 11, 2017        TODD W. BONDER, ESQ.
                                     MICHAEL V. MANCINI, ESQ.
5                                    ROSENFELD, MEYER & SUSMAN LLP

6                                    By: _____ /s/ Todd W. Bonder _____

7                                              Todd W. Bonder
                                     Attorneys for Defendant
8                                    THADDEUS MICHAEL BULLARD, SR.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP
513467.01                                      2                 DEFENDANT'S NOTICE OF
                                                                 RELATED CASES

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
Todd W. Bonder (Cal. Bar No. 116482)
Michael V. Mancini (Cal. Bar No. 263799)
ROSENFELD, MEYER & SUSMAN LLP
232 N. Canon Drive
Beverly Hills, CA  90210
Tel: (310) 858-7700
Fax: (310) 860-2430

ATTORNEY(S) FOR: Thaddeus Michael Bullard, Sr., Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ANDERSON, an individual,<br><br>Plaintiff(s), | CASE NUMBER: |
| v.<br><br>THADDEUS MICHAEL BULLARD SR. ("TITUS O'NEIL"), an individual; and DOES 1 through 300, Inclusive,<br><br>Defendant(s) | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES**<br>(Local Rule 7.1-1) |

TO:   THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for _____ THADDEUS MICHAEL BULLARD, SR., Defendant _____
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Donald Anderson, an individual | Plaintiff |
| Uranus Productions, LLC, a limited liability company | Employer of Plaintiff |
| Thaddeus Michael Bullard, Sr., an individual | Defendant |
| World Wrestling Entertainment, Inc., a Delaware corporation | Defendant |

September 11, 2017
Date

Signature

Attorney of record for (or name of party appearing in pro per):

Thaddeus Michael Bullard, Sr., Defendant

CV-30 (05/13)                NOTICE OF INTERESTED PARTIES

# Exhibit 3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

District Judge  **Virginia A. Phillips**
Magistrate Judge  **Karen L. Stevenson**

The case number on all documents filed with the Court should read as follows:

### 2:17−cv−06671 VA (KSx)

Most district judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. If this case has been assigned to Judge Manuel L. Real, discovery-related motions should generally be noticed for hearing before the assigned district judge. Otherwise, discovery-related motions should generally be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

_September 13, 2017_
Date

By _/s/ Jeannine Tillman_
Deputy Clerk

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

CV−18 (04/16)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ANDERSON<br><br>Plaintiff(s)<br><br>v.<br><br>THADDEUS MICHAEL BULLARD, SR, et al.<br><br>Defendant(s). | CASE NUMBER:<br><br>2:17−cv−06671−VAP−KS<br><br><br><br>**NOTICE TO PARTIES OF<br>COURT−DIRECTED ADR PROGRAM** |

## NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* Civil L.R. 16−15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* Civil L.R. 16−15.1.

The district judge to whom the above−referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11−10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26−1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* Civil L.R. 26−1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

_September 13, 2017_
Date

By  _/s/ Jeannine Tillman_
Deputy Clerk

ADR−08 (05/13)          NOTICE TO PARTIES OF COURT−DIRECTED ADR PROGRAM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
### AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
**Counsel are required to furnish and discuss this Notice with their clients.**

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non−binding),neutral evaluation (NE), conciliation, mini−trial and fact−finding. ADR can be either Court−directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost−effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. *See* Civil L.R. 26−1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

With more than 15,000 civil cases filed in the District in 2012, less than 1 percent actually went to trial. Most cases are settled between the parties; voluntarily dismissed; resolved through Courtdirected or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA         )
                            )   ss
COUNTY OF LOS ANGELES       )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 232 North Canon Drive, Beverly Hills, California 90210-5302.

On September 14, 2017, I served on interested parties in said action the within:

AMENDED NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

by placing a true copy thereof in sealed envelope(s) addressed as stated below.

Joseph G. McGuinness, Esq.
McGuinness & Associates
3858 W Carson St Ste 301
Torrance, CA 90503

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 14, 2017, at Beverly Hills, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Cathleen R. Trope
(Type or print name)

*Cathleen R Trope*
(Signature)