1  TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
   *tbonder@rmslaw.com*
2  MICHAEL V. MANCINI, ESQ. (Cal. Bar No. 263799)
   *mmancini@rmslaw.com*
3  ROSENFELD, MEYER & SUSMAN LLP
   232 North Canon Drive
4  Beverly Hills, California 90210-5302
   Telephone:  (310) 858-7700
5  Facsimile:  (310) 860-2430

6  Attorneys for Defendant
   THADDEUS MICHAEL BULLARD SR.

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DONALD ANDERSON, an individual,   )   Case No. 2:17-CV-06671 VAP (KSx)
                                       )
12            Plaintiff,               )   **DEFENDANT'S NOTICE OF**
                                       )   **MOTION AND MOTION TO**
13       v.                            )   **DISMISS FOR LACK OF**
                                       )   **PERSONAL JURISDICTION**
14  THADDEUS MICHAEL BULLARD          )   **AND/OR IMPROPER VENUE;**
    SR. ("TITUS O'NEIL"), an individual; )  **MEMORANDUM OF POINTS AND**
15  and DOES 1 through 300, Inclusive, )   **AUTHORITIES; DECLARATION**
                                       )   **OF THADDEUS MICHAEL**
16            Defendants.              )   **BULLARD SR.; CERTIFICATE OF**
                                       )   **SERVICE**
17                                     )   **[Fed. R. Civ. Pro. 12(b)(2) and (3)]**
                                       )
18                                     )   DATE:     October 23, 2017
                                       )   TIME:     2:00 p.m.
19                                     )
                                       )   COURTROOM OF THE
20                                     )   HONORABLE VIRGINIA A.
    _____      )   PHILLIPS [Ctrm. 8A]
21

22

23       **NOTICE IS HEREBY GIVEN** that on Monday, October 23, 2017, at 2:00

24  p.m. or as soon thereafter as this matter may be heard in the Courtroom of the

25  Honorable Virginia A. Phillips, located at the First Street Courthouse, 350 West 1st

26  Street, Los Angeles, California 90012, defendant Thaddeus Michael Bullard, Sr.

27  will move to dismiss this matter against him pursuant to Federal Rules of Civil

28  Procedure 12(b)(2) and (3).  The grounds for this motion are that this Court does not

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02                              1

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1 have personal jurisdiction over defendant Thaddeus Michael Bullard, Sr., and that

2 the Central District of California is not the proper venue for adjudication of claims

3 between a local plaintiff and a citizen of another state regarding an alleged assault

4 and battery that occurred if at all in a state other than the State of California.

5      The motion will be based on the attached Memorandum of Points and

6 Authorities, the Declaration of Thaddeus Michael Bullard, Sr. filed concurrently

7 herewith, and all papers on file in this action, and on such other and further

8 documents and other evidence as may be presented before or at the hearing.

9      This motion is made following the conference of counsel pursuant to L.R. 7-3

10 which took place on September 13, 2017, and continued on September 18, 2017.

11

12                          Respectfully submitted,

13 DATED:  September 25, 2017          TODD W. BONDER, ESQ.
                                       MICHAEL V. MANCINI, ESQ.
14                                     ROSENFELD, MEYER & SUSMAN LLP

15
                                       By: _____ /s/ Todd W. Bonder _____
16                                                Todd W. Bonder
                                       Attorneys for Defendant
17                                     THADDEUS MICHAEL BULLARD SR.

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02                          2

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..................................................................iii

NOTICE OF MOTION..........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES...........................3

I.    INTRODUCTION.....................................................................3

II.   STATEMENT OF FACTS.......................................................3

III.  LEGAL ARGUMENT ............................................................7

    A.    DEFENDANT BULLARD IS NOT SUBJECT TO
          PERSONAL JURISDICTION IN CALIFORNIA .............7

          1.    California Does Not Have General Jurisdiction Over
              Defendant Bullard..................................................8

          2.    Specific Jurisdiction Over Defendant Bullard Does
              Not Exist in California.......................................11

              (a)    Bullard Has Not Purposely Availed Himself
                    of California Benefits. ....................................13

              (b)    No Affiliation Between California and the
                    Underlying Dispute Exists. .............................13

              (c)    Exercise of Personal Juridiction Would Not
                    Be Reasonable. .............................................14

                   (i)    The extent of Defendant Bullards's
                          purposeful interjection. .........................15

                   (ii)   The existence of an alternate forum.....................15

                   (iii)  The burden on Defendant Bullard in
                            appearing locally. ................................15

                   (iv)  The forum State's interest in
                            adjudicating the dispute. .....................16

                   (v)   The shared interest of all States. .........................16

                   (vi)  Plaintiff's interest in obtaining
                            convenient and effective relief.....................16

                   (vii) The interstate judicial system's interest
                            in obtaining the most efficient
                            resolution of controversies. .................17

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

15801-001000
513582.02

i

MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(2)

**Page**

B.   CALIFORNIA IS NOT THE PROPER VENUE FOR
THIS ACTION.................................................................................19

C.   PLAINTIFF'S ACTION MUST BE DISMISSED OR
TRANSFERRED ...........................................................................19

IV.   CONCLUSION .............................................................................20

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

15801-001000
513582.02

ii

MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(2)

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Allstar Marketing Group, LLC v. Your Store Online, LLC*,
666 F. Supp. 2d 1109 (C.D. Cal. 2009) ........................................ 19

*Asahi Metal Industry Co. v. Superior Court*,
480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) .............................. 12

*In re Automobile Antitrust Cases I and II*,
135 Cal. App. 4th 100, 37 Cal. Rptr. 3d 258 (2005) .................................. 13

*BNSF Ry. Co. v. Tyrrell*,
582 U.S. __, 137 S. Ct. 1549, 198 L.Ed. 2d 36 (2017) ............................... 11

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
223 F.3d 1082 (9th Cir. 2000) .................................................. 9, 11

*Bell Helicopter Textron, Inc. v. Heliqwest Int'l*,
385 F.3d 1291 (10th Cir. 2004) .................................................. 17

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. __, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) ................... 8, 12, 14

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) .......... 12, 14, 17-18

*Burnham v. Superior Court of Cal.*,
495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) ...................... 9-10,

*Calder v. Jones*,
465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (2015) ........................... 18

*Daimler AG v. Bauman*,
571 U.S. __, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ........................... 8, 11

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ................................................... 7, 13

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ...................................................... 7

*First Chicago Int'l v. United Exch. Co. Ltd.*,
836 F.2d 1375 (D.C. Cir. 1988) .................................................... 7

*Flynt Distrib. Co., Inc. v. Harvey*,
734 F.2d 1389 (9th Cir. 1984) ..................................................... 7

*Goldlawr, Inc. v. Heiman*,
369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) .................................. 20

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) .................. 8-11, 14

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513670.02

iii

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

*Greenspun v. Del E. Webb Corp.*,
    634 F.2d 1204 (9th Cir. 1980) .................................................................. 7

*Hanson v. Denkla*,
    357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) ......................... 12-13

*Helicopteros Nationales de Columbia, S.A. v. Hall*,
    466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ....................... 9, 12

*International Shoe Co. v. Washington*,
    326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ..................................... 8

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011) .................... 12-13

*Lake v. Lake*,
    817 F.2d 1416 (9th Cir. 1987) ................................................................. 13

*Lehigh Valley Industries, Inc. v. Birenbaum*,
    527 F.2d 87 (2d Cir. 1975) ........................................................................ 7

*Mihlon v. Superior Court*,
    169 Cal. App. 3d 703, 215 Cal. Rptr. 442 (1985) ...................................... 7

*Perkins v. Benguet Consolidated Mining Co.*,
    342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 2d 485 (1952) .............................. 9

*Rano v. Sipa Press, Inc.*,
    987 F.2d 580 (9th Cir. 1993) .................................................................. 13

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ............................................................... 8-9

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ..................... 7, 19

*Terracom v. Valley Natl. Bank*,
    49 F.3d 555 (9th Cir. 1995) .................................................................... 13

*Trujillo v. Williams*,
    465 F.3d 1210 (10th Cir. 2006) .............................................................. 20

*Walden v. Fiore*,
    571 U.S. __, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ........................ 17-18

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ......................... 13

*Ziegler v. Indian River County*,
    64 F.3d 470 (9th Cir. 1995) ................................................................ 7 ,14

///

///

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513670.02

iv

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

# STATUTES AND RULES

28 U.S.C. § 1390(c) ................................................................................... 20

28 U.S.C. § 1391(a)(2) .............................................................................. 19

28 U.S.C. § 1406(a) ...............................................................................19-21

28 U.S.C. § 1631....................................................................................20-21

Fed. R. Civ. Pro. 12(b)(2) ........................................................................... 1

Fed. R. Civ. Pro. 12(b)(3) ........................................................................... 1

# TREATISES AND PERIODICALS

4A C. Wright, A. Miller, & A. Steinman, FEDERAL PRACTICE AND
PROCEDURE § 1069 (4th ed. 2015) ............................................................ 13

Patrick J. Borchers, *J. McIntyre Machinery, Goodyear, and the Incoherence
of the Minimum Contacts Test*, 44 CREIGHTON L. REV. 1245 (2011) .............. 10

Emily Eng, *A New Paradigm:  Domicile as the Exclusive Basis for the
Exercise of General Jurisdiction over Individual Defendants*, 32 CARDOZO
L. REV. 845 (2012) ................................................................................... 10

Linda Silberman, *Comparative Jurisdiction in the International Context: Will
the Proposed Hague Judgments Convention Be Stalled?*, 52 DEPAUL L.
REV. 319 (2002).................................................................................... 10

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513670.02

v

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE

## I.    INTRODUCTION

Pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure, Defendant Thaddeus Michael Bullard, Sr. ("Bullard") moves to dismiss the claims asserted against him in Plaintiff Donald Anderson's ("Plaintiff") complaint on file herein for lack of personal jurisdiction and improper venue.  Bullard is not a resident of California and lacks sufficient contacts with California to give rise to either general or specific jurisdiction.  Further, the imposition of personal jurisdiction over Defendant Bullard by a California court would offend traditional notions of fair play and substantial justice.  For much the same reasons, venue is also improper here.  If Plaintiff wishes to pursue his meritless claims against Bullard, he must do so elsewhere.

## II.    STATEMENT OF FACTS

There are virtually no jurisdictional allegations relating to Defendant Bullard in Plaintiff's Complaint for Damages for: (1) Battery Against All Defendants; (2) Assault Against All Defendants; (3) Willful Misconduct Against All Defendants; (4) Negligence Against All Defendants; (5) Negligence Against WWE; (6) Gross Negligence Against All Defendants; (7) Gross Negligence Against WWE; (8) Intentional Infliction of Emotional Distress Against All Defendants; (9) Negligent Infliction of Emotional Distress Against All Defendants (the "Complaint").  The only relevant allegations are that Bullard is somehow "doing business in California" [Complaint, ¶2] and "all defendants do business in Los Angeles, California" [Id., ¶22].  No substantiation is provided for either assertion.

As the purported common factual basis for Plaintiff's claims, the Complaint at paragraphs 7-22 alleges, in pertinent part, as follows:[1]

a) Plaintiff "was engaged by Uranus Productions, LLC ('Uranus') to work in conjunction with WWE … to produce an 'electric shock prank' television show" [Complaint, ¶7];

b) One of the shows featured "'Superstar' Paige … hunting down fellow WWE 'Superstars' with an electric shock stick, and shocking WWE 'Superstars'" [*Id*., ¶12];

c) "On or about May 18, 2015, [Plaintiff] Anderson was on the [unidentified] premises occupied, controlled and managed by the WWE, during the production of [a] WWE electric shock prank program" for which he "was a camera operator for Uranus" [Complaint, ¶13];

d) "WWE representatives shocked [defendant Bullard] with [an] electric shock device" [*Id.*, ¶18];

e) After being "shocked … with the electric shock device, [defendant Bullard purportedly] became enraged and began shouting, and he raced up to plaintiff Anderson in a threatening manner" [*Id.*, ¶18];

f) Defendant Bullard is alleged to have "proceeded to forcefully kick Anderson's wrist, hand and fingers, which were supporting and grasping the camera to film the prank activity" and, the Complaint goes on to allege, "[t]he kick caused permanent and long term injuries to Anderson's wrist and hand, and his fingers were impacted and injured for a significant initial period of time" [*Id.*, ¶19];

g) "Directly following the incident, Anderson was told by WWE personnel that he was not safe on the premises" and "Plaintiff was whisked away from the scene of the incident, in fear of the possibility of further attacks by" defendant Bullard [*Id.*, ¶20];

---

[1]   Without admitting the truth thereof, which is denied, the allegations of Plaintiff's Complaint are recited herein solely for the purpose of setting forth Plaintiff's claims in order to demonstrate that jurisdiction does not exist and venue is improper.

h)  "WWE failed to maintain a well-supervised, secure, managed, safe environment inside the arena, of which it had complete control …" [*Id*., ¶21]; and

i)  "Venue is appropriate in Los Angeles …, California, because Plaintiff Anderson has at all relevant times herein resided, and presently resides in Sherman Oaks, California, and all defendants do business in Los Angeles, California" [*Id*., ¶22].

<u>Battery</u>:  For his first cause of action, for battery, Plaintiff alleges that "Defendant [Bullard] deliberately and intentionally kicked [plaintiff] Anderson's wrist, hand and fingers" and "intended to cause and did cause a harmful contact with plaintiff Anderson's person."  [Complaint, ¶¶ 24-25.]

<u>Assault</u>:  For his second cause of action, for assault, Plaintiff incorporates all prior allegations and further alleges that "Defendant [Bullard] intended to cause and did cause plaintiff Anderson to suffer apprehension of an immediate harmful contact."  [Complaint, ¶34.]

Each of Plaintiff's other asserted causes of action, for willful misconduct, negligence, gross negligence and intentional/negligent infliction of emotional distress, is predicated on the same alleged underlying incident as his claims for battery and assault:  [*See* Complaint, ¶¶ 40-95.]

Bullard is, and always has been, a citizen and domiciliary of the State of Florida. [Declaration of Thaddeus Michael Bullard, Sr. (hereinafter "Bullard Decl.") filed concurrently herewith, ¶¶ 1, 6.]  He currently resides in Tampa, Florida.  [*Id*., ¶5.]

Bullard has never resided in California.  [*Id*., ¶6.]  He has never owned any real property or interest in a privately-held business, or been registered to vote, in the State of California.  [*Id*., ¶7.]  He has never had any offices or employees, rented any real property, or had a statutory agent in California.  [*Id*.]  He has never owned or otherwise held or otherwise had any bank accounts, licenses or business operations in California.  [*Id*.]  He has never had any telephone listing or mailing

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02

5

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  address in California.  [Bullard Decl., ¶7.]  He has never placed any advertisements

2  in California newspapers, magazines or other media.  [*Id.*]

3      The only income-producing activity Bullard has undertaken in California is

4  occasional and sporadic appearance work, from time to time, under contract with

5  World Wrestling Entertainment, Inc. ("WWE") in connection with shows or other

6  events coordinated, produced and managed by the WWE and at which the WWE

7  scheduled him as talent and paid him.  [Bullard Decl., ¶7.]  Bullard does not have

8  control over the selection of the locations at which his services as talent are to be

9  provided under his contract with WWE; in any and all such circumstances, the

10 locations where his services have been and are provided were and are determined by

11 the WWE, which directs Bullard where to perform, makes all travel and other

12 arrangements, and pays for his services with respect thereto.  [Bullard Decl., ¶3.]

13 Other than any such work he may do under contract with WWE, Bullard has not

14 conducted any business in California.  [Bullard Decl., ¶7.]  Moreover, Bullard has

15 never at any time purposefully chosen to do business in the State of California,

16 including but not limited to the County of Los Angeles therein.  [*Id.*]

17     The premises at which Bullard was subjected to an unwanted electrical charge

18 from an electric shock device – which is a sanitized way of referring to what is

19 commonly known as a "cattle prod," and at which the purported incident alleged in

20 Plaintiff's Complaint occurred, if at all, are located in Norfolk, Virginia.  [Bullard

21 Decl., ¶5.]  No such premises are located within the State of California.  [*Id.*]

22     On the date in question, May 18, 2015, Bullard was not in California.

23 [Bullard Decl., ¶5.]  He was in Norfolk, Virginia, at the direction of the WWE.  [*Id.*]

24     WWE and its party-affiliated witnesses are located in Connecticut.  [Bullard

25 Decl., ¶9.]

26     Prior to being sued, nothing was known to Bullard that would suggest he

27 might be dragged into court in California in connection with the events alleged in

28 Plaintiff's Complaint.  [Bullard Decl., ¶10.]

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP
513582.02                    6                    BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

# III.   LEGAL ARGUMENT

## A.   DEFENDANT BULLARD IS NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA

Personal jurisdiction is an "essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S. Ct. 1563, 1570, 143 L. Ed .2d 760 (1999) (internal quotation marks omitted).

"The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984); accord *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (plaintiffs bear the burden of showing that jurisdiction is appropriate). See also *Mihlon v. Superior Court*, 169 Cal. App. 3d 703, 710, 215 Cal. Rptr. 442, 445 (1985) ("[W]hen jurisdiction is challenged by a non-resident defendant, the burden of proof is upon the plaintiff to demonstrate that 'minimum contacts' exist between defendant and the forum state to justify imposition of personal jurisdiction"). To meet his or her burden, the plaintiff must allege specific acts connecting the defendant with the forum. *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 & n. 5 (9th Cir. 1980) (citing *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) ("a plaintiff must allege specific acts connecting defendant with the forum to support a finding of jurisdiction"); *First Chicago Int'l v. United Exch. Co. Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988) (the plaintiff "must allege specific acts connecting the defendant with the forum").

The Due Process Clause of the Fourteenth Amendment precludes a state or federal court from asserting jurisdiction over a non-resident defendant unless he or she has sufficient "minimum contacts" with the state in which the court is located that the exercise of such jurisdiction "does not offend traditional notions of fair play

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513582.02

7

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1 and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316-
2 317, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).  "The primary focus of [the court's]
3 personal jurisdiction inquiry is the defendant's relationship to the forum State."
4 *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. __, 137 S. Ct. 1773, 1779,
5 198 L. Ed. 2d 395 (2017).

6      Personal jurisdiction can be either general or specific.  *Bristol-Myers Squibb*
7 *Co., supra*, 137 S. Ct. at 1780 (there are "two types of personal jurisdiction:
8 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes
9 called 'case-linked') jurisdiction"); *Goodyear Dunlop Tires Operations, S.A. v.*
10 *Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011).

11      **1.    California Does Not Have General Jurisdiction Over Defendant**
12           **Bullard.**

13      "A court with general jurisdiction may hear any claim against that defendant,
14 even if all the incidents underlying the claim occurred in a different State."  *Bristol-*
15 *Myers Squibb Co., supra*, 137 S. Ct. at 1780.  "But 'only a limited set of affiliations
16 with a forum will render a defendant amenable to' general jurisdiction in that State."
17 *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. __, 134 S. Ct. 746, 760, 187 L. Ed. 2d
18 624 (2014).

19      The United States Supreme Court has in recent years described the concept of
20 general jurisdiction as an "obsolescing" one, with the modern trend favoring a
21 specific/limited jurisdiction analysis.  *Daimler*, *supra*, 134 S. Ct. at 756, 758 & n. 8
22 ("general jurisdiction has come to occupy a less dominant place in the contemporary
23 scheme").  Although at one time continuous and systematic business in a forum
24 State may arguably have been sufficient to confer general jurisdiction upon a non-
25 resident, that alone is no longer sufficient.  *Daimler*, *supra*, 134 S. Ct. at 760-761;
26 *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (general jurisdiction does
27 not exist when non-resident defendant's business activities in forum state are not so
28 pervasive as to render it "at home" in that forum).

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**
513582.02                                         8                    BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1    In order for general jurisdiction to exist such that a court may adjudicate any
2  cause of action against the defendant, even one unrelated to the defendant's
3  activities in the forum State, the defendant must either (a) be a resident of the state
4  or (b) engage in activities in the State on such a "substantial, continuous and
5  systematic" basis as to essentially render the defendant "at home in the forum
6  State." *Goodyear*, *supra*, 131 S. Ct. at 2851; *Perkins v. Benguet Consolidated*
7  *Mining Co.*, 342 U.S. 437, 446-447, 72 S. Ct. 413, 418-419, 96 L. Ed. 2d 485
8  (1952); *Ranza v. Nike, Inc.*, *supra*, 793 F.3d at 1070.

9    The standard for establishing general jurisdiction is "fairly high" and requires
10 contacts by the defendant substantial and pervasive enough to approximate his or
11 her physical presence in the State. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
12 223 F.3d 1082, 1083 (9th Cir. 2000); *Helicopteros Nationales de Columbia, S.A. v.*
13 *Hall*, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 1872-73, 80 L. Ed. 2d 404 (1984)
14 (purchasing goods and services in a state is not enough to subject a party to personal
15 jurisdiction).  "For an individual, the paradigm forum for the exercise of general
16 jurisdiction is the individual's domicile; for a corporation, it is an equivalent place,
17 one in which the corporation is fairly regarded as at home." *Goodyear*, *supra*, 131
18 S. Ct. at 2853-54.

19    The Complaint attempts to establish general jurisdiction by asserting, without
20 factual allegations in support, that Defendant Bullard is "doing business in
21 California."  No authority exists for the proposition that business activities of the
22 type alleged, no less general unsubstantiated allegations thereof, meets a plaintiff's
23 burden of establishing general jurisdiction over an individual consistent with due
24 process.  Indeed, the Supreme Court has suggested that general jurisdiction can be
25 established over an individual only by domicile or, if not that, some omnibus and
26 far-reaching connection virtually indistinguishable therefrom.[2]  A contrary ruling

27 _____
[2]    *See, e.g., id.; Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 & n. 1,
28 110 S. Ct. 2105, 2110 & n. 1, 109 L. Ed. 2d 631 (1990) ("It may be that whatever
special rule exists permitting 'continuous and systematic' contacts to support

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02                                    9

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   would constitute an historical and unfair expansion of the doctrine of general

2   jurisdiction.[3]

3        Even if "continuous and systematic" business activities could establish

4   personal jurisdiction over Defendant Bullard, such business activities would need to

5   be "so 'continuous and systematic' as to render [him] essentially at home in the

6   forum State." *Goodyear*, *supra*, 131 S. Ct. at 2851.  Such is not the case here.

7        Aside from the Complaint alleging no facts that would support an assertion of

8   general jurisdiction in California for the claims asserted against Defendant Bullard,

9   the evidence presented unequivocally demonstrates that there is no basis for general

10  jurisdiction to exist.  First and foremost, Mr. Bullard has never resided in California.

11  He owns no real property in California.  He holds no interest in a private business in

12  California.  He has never had any offices or employees, rented any real property, or

13  had a statutory agent in California.  He has never owned or otherwise held or

14  otherwise had any bank accounts, licenses or business operations in California.  He

15  has never had any telephone listing or mailing address in California.

16       Bullard has never at any time purposefully chosen to do business in the State

17  of California, including but not limited to the County of Los Angeles therein.  Other

18  than sporatic work he may do under contract with WWE, Bullard has not engaged in

19  any business in California.

20  ───────────────────────────────────

21  jurisdiction with respect to matters unrelated to activity in the forum applies only to
    corporations, which never have fitted comfortably in a jurisdictional regime based
    primarily upon 'de facto power over the defendant's person'") (citations omitted);

22  *see also* Patrick J. Borchers, *J. McIntyre Machinery, Goodyear, and the Incoherence
    of the Minimum Contacts Test*, 44 CREIGHTON L. REV. 1245, 1268 (2011) ("The

23  first [question] is whether contacts-based general jurisdiction applies to all
    individuals. In a footnote to his plurality opinion in *Burnham v. Superior Court of*

24  *California*, Justice Scalia suggested that the answer to this question is no"); Linda
    Silberman, *Comparative Jurisdiction in the International Context: Will the*

25  *Proposed Hague Judgments Convention Be Stalled?*, 52 DEPAUL L. REV. 319,
    344 n.128 (2002) (asserting that Justice Scalia's footnote in *Burnham*, above,

26  suggests that the Supreme Court "may view the 'doing business' jurisdiction as
    applicable only to corporations and not to individuals").

27  [3]   *See* Emily Eng, *A New Paradigm:  Domicile as the Exclusive Basis for the*

28  *Exercise of General Jurisdiction over Individual Defendants*, 32 CARDOZO L.
    REV. 845 (2012).

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02                                    10

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1       Defendant Bullard lacks substantial, continuous and systematic connections to

2   California.  He is plainly not "at home" in California.  Florida is his home.  In short,

3   Bullard has had no contacts with California substantial and pervasive enough to

4   approximate his physical presence in this State.[4]  *Bancroft & Masters, Inc., supra*,

5   223 F.3d at 1083.

6       With Bullard being a resident and domicile of Florida, where he was born,

7   grew up and lives, and any contacts he might have with California being no more

8   than attenuated and sporadic instead of the requisite "substantial, continuous and

9   systematic," any argument that California can exercise general jurisdiction over him

10   must fail.

11       **2.**    <u>**Specific Jurisdiction Over Defendant Bullard Does Not Exist in**</u>

12           <u>**California.**</u>

13       Plaintiff's Complaint contains no allegations or suggestions whatsoever that

14   the parties' dispute arises out of or relates to any of Defendant Bullard's acts or

15   omissions in or related to the State of California.  To the contrary, the claims against

16   Bullard asserted in Plaintiff's Complaint arise out of or relate, if at all, to an alleged

---

[4]   Earlier this year, the United States Supreme Court reaffirmed *Daimler*'s requirement that a defendant must be "at home" in the forum state for personal jurisdiction to exist in *BNSF Ry. Co. v. Tyrrell*, 582 U.S. __, 137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017).  There, the Court found that the State of Montana could not exercise personal jurisdiction over a railway that was incorporated in Delaware, had a principal place of business in Texas, and operated rail lines in 28 states, even though the company had "2061 miles of railroad track in Montana," employed approximately 2,100 people there, and maintained an automotive facility in Montana.  137 S. Ct. at 1554.  Although the corporation was maintaining business activities in the forum state that were both continuous and systematic, they were not a significant enough proportion of the railway's activities to bring claims unrelated to in-state activity within the personal jurisdiction of Montana.  *Id.* at 1559.  As summarized by the Supreme Court:

> In short, the business BNSF does in Montana is sufficient to subject the railroad to specific personal jurisdiction in that State on claims related to the business it does in Montana.  But in-state business, we clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in Montana.

*Id.*  Similarly, Mr. Bullard may not be brought before a California court to litigate claims unrelated to any activity occurring in California.  *Id.*

LAW OFFICES
**ROSENFELD,**
**MEYER &**
**SUSMAN LLP**

513582.02

11

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

incident in Virginia with which California has no involvement or legitimate state interest.  Indeed, Plaintiff essentially admits as much in the Complaint, which alleges nothing more on this issue than that venue is appropriate in Los Angeles, California "because Plaintiff Anderson has at all relevant times herein resided, and presently resides in Sherman Oaks, California, and all defendants do business in Los Angeles, California."  [Complaint, ¶22.]  Accordingly, because of the lack of sufficient connection among California, Bullard and the underlying incident, the courts located in California do not have specific jurisdiction over him in this case.

In determining whether to exercise specific jurisdiction over a non-resident defendant, courts apply a three-part test:

i)    The defendant must have done some act by which it "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State'" or has purposefully directed its conduct into the forum State, thereby involving the benefits and protections of its laws [*J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 877, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011) (quoting *Hanson v. Denkla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958))];

ii)   "'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*" [*Bristol-Myers Squibb Co., supra*, 137 S. Ct. at 1776 (emphasis in original); *Helicopteros*, *supra*, 104 S. Ct. at 1872]; and

iii)  the exercise of jurisdiction must be reasonable and comport with principles of fair play and substantial justice under the circumstances. *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 113-114, 107 S. Ct. 1026, 1032-33, 94 L. Ed. 2d 92 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-78, 105 S. Ct. 2174, 2184-2185, 85 L. Ed. 2d 528 (1985) (to establish specific jurisdiction, the plaintiff must show among other things that the defendant "purposefully directed" his activities at the forum and the claim must result from alleged injuries that "arise out of or relate to" the defendant's activities directed at

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02

12

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  the forum); *Terracom v. Valley Natl. Bank*, 49 F.3d 555, 560 (9th Cir. 1995); *Rano*
2  *v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993); *Lake v. Lake*, 817 F.2d 1416,
3  1421 (9th Cir. 1987); 4A C. Wright, A. Miller, & A. Steinman, FEDERAL
4  PRACTICE AND PROCEDURE § 1069, pp. 22-78 (4th ed. 2015). <u>See also</u> *Doe v.*
5  *Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001); *In re Automobile Antitrust Cases I*
6  *and II*, 135 Cal. App. 4th 100, 113, 37 Cal. Rptr.3d 258, 271 (2005) ("[p]ersonal
7  jurisdiction must be based on forum-related acts that were personally committed by
8  each non-resident defendant").

9   **(a)**   <u>**Bullard Has Not Purposely Availed Himself of California**</u>
10  <u>**Benefits**</u>.

11      "Purposeful availment," the first criterion, precludes a party from being
12  brought into the jurisdiction solely by reason of "random, fortuitous or attenuated
13  contacts." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.
14  Ct. 559, 567, 62 L. Ed. 2d 490 (1980). Instead, the party must have engaged in
15  intentional acts purposefully directed toward the forum State and by which he or she
16  has taken advantage of the benefits and privileges of the laws of the forum State,
17  thereby justifying the exercise of personal jurisdiction by the courts located therein.
18  *J. McIntyre Machinery, Ltd.*, *supra*, 131 S. Ct. at 2785; *Hanson*, *supra*, 78 S. Ct. at
19  1240. Aside from "random, fortuitous or attenuated contacts," there have been no
20  intentional acts by Defendant Bullard purposefully directed toward California and
21  by which he has taken advantage of the benefits and privileges of the laws of
22  California, thereby justifying the exercise of personal jurisdiction by the courts
23  located therein.

24   **(b)**   <u>**No Affiliation Between California and the Underlying**</u>
25  <u>**Dispute Exists**</u>.

26      The second criterion provides that, "[i]n order for a court to exercise specific
27  jurisdiction over a claim, there must be 'an affiliation between the forum and the
28  underlying controversy, principally, [an] activity or an occurrence that takes place in

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02

13

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

the forum State and is therefore subject to the State's regulation.' *Goodyear*, *supra*, 131 S. Ct. at 2851 (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.  See *id.*, 131 S. Ct. at 2857 & n. 6 ('[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales')." *Bristol-Myers Squibb Co.*, *supra*, 137 S. Ct. at 1781. For this reason, "'specific jurisdiction is confined to adjudication of issues derived from, or connected with, the very controversy that establishes jurisdiction.' *Id.* at 1780 (internal quotation marks omitted)."  Plaintiff's Complaint herein does not suggest that any activity or occurrence took place in California, and the irrefutable evidence presented in support of the instant Motion reflects otherwise.

**(c)**      **Exercise of Personal Juridiction Would Not Be Reasonable.**

Although unnecessary given the lack of "purposeful availment" by Defrendant Bullard and no activity or occurrence that took place in California, the absence of either of which is fatal in and of itself to the establishment of specific jurisdiction in this instance, the third factor also does not support specific jurisdiction.

To determine the reasonableness of jurisdiction, the third criterion, seven factors are considered: (1) the extent of defendant's purposeful interjection; (2) the existence of an alternate forum; (3) the burden on defendant in appearing locally; (4) the forum State's interest in adjudicating the dispute; (5) the shared interest of all states involved in furthering their respective policies; (6) the plaintiff's interest in obtaining convenient and effective relief; and (7) the interstate judicial system's interest in obtaining the most efficient resolution of controversies. *Burger King Corp.*, *supra*, 105 S. Ct. at 2184-85; *Ziegler v. Indian River County*, *supra*, 64 F.3d at 474.

1            **(i)**     **The extent of Defendant Bullards's purposeful**

2                        **interjection.**

3      It is anticipated that Plaintiff's position will be that Defendant Bullard's

4 alleged purposeful interjection in California is his appearance as a speaker at a TED

5 Talk that took place only in Los Angeles, California, on May 20, 2017, for which he

6 was selected and asked to speak. Aside from the isolated nature of the appearance

7 and lack of compensation, as Bullard had no alternative except attending the lecture

8 in California if he wanted to exercise his rights under the First Amendment and

9 participate and engage in the particular public discussion and discourse that he was

10 requested to engage in, it cannot be said that he purposefully interjected himself into

11 California.

12      Bullard's work under contract for the WWE was at its direction and under its

13 control and, as such, also cannot be said to constitute purposeful interjection into the

14 forum.

15            **(ii)**     **The existence of an alternate forum.**

16      It is undeniable that the subject incident alleged in Plaintiff's Complaint did

17 not take place in California. Moreover, Mr. Bullard is domiciled in Florida and

18 WWE, which is located in Connecticut, would appear to potentially be subject to

19 suit in Florida due to its establishment of and association with a developmental

20 wrestling league in said state. Accordingly, it would appear that this matter could

21 have been brought in the Middle District of Florida.

22           **(iii)**    **The burden on Defendant Bullard in appearing locally.**

23      With Bullard domiciled in Florida and the subject incident occurring, if

24 anywhere, in Norfolk, Virginia, California is an extremely inconvenient forum for

25 him and the necessary witnesses, the majority of which are located on the East Coast

26 and none of whom other than the Plaintiff are located in California and subject to

27 the jurisdiction of the District Court for the Central District of California as a result.

28

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02               15         BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   In addition, to the extent that Defendant Bullard has potential cross-claims

2   that he would choose to assert against others arising from the subject series of

3   transactions or occurrences as Plaintiff's claims, it would further burden him

4   substantially to be forced to appear and defend himself locally since none of such

5   persons other than the plaintiff are located in California and subject to the

6   jurisdiction of the courts therein.  As a result, requiring Bullard to appear locally

7   would adversely affect his rights and constitute a substantial burden to him, as it

8   would in turn potentially necessitate a multiplicity of proceedings and the risk to

9   him of conflicting results in such proceedings.

10              **(iv)    The forum State's interest in adjudicating the dispute.**

11   As the alleged conduct involved in this matter occurred entirely outside of

12   California and did not implicate any policy in which the forum State has a legitimate

13   interest, the State of California has no identifiable interest in adjudicating the instant

14   dispute.

15                   **(v)    The shared interest of all States.**

16   As the assault and battery alleged in Plaintiff's Complaint was but a single

17   incident that occurred, if anywhere which is denied, in Norfolk, Virginia and

18   nowhere else, the State of Virginia may have an interest in the outcome of this

19   dispute as may the State of Florida where Bullard resides.  Since it would appear

20   that this matter could have been brought in one or more states other than California,

21   the District Court for the Central District of California should not assert jurisdiction

22   over Bullard, a Florida resident.

23              **(vi)    Plaintiff's interest in obtaining convenient and effective**

24                        **relief.**

25   Given his residence within the Central District, said forum may be the most

26   geographically convenient forum for Plaintiff and his counsel.  On the other hand,

27   the Central District is not a convenient forum in that the attendance or other

28   participation in the proceedings of any witnesses to the incident alleged in Plaintiff's

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  Complaint cannot be compelled due to their lack of physical presence in California.

2  In addition, Plaintiff himself chose to be in Virginia at the time the alleged incident

3  occurred.  On balance, litigating this matter elsewhere will not inconvenience

4  Plaintiff greatly.  Additionally, Plaintiff can receive as effective relief in the Western

5  District of Virginia or Middle District of Florida as he can receive in the Central

6  District of California.

7                      **(vii)   The interstate judicial system's interest in obtaining**

8                              **the most efficient resolution of controversies.**

9         The most efficient location for the adjudication of this matter is the Western

10  District of Virginia or Middle District of Florida, since the majority of the party and

11  non-party witnesses reside on the East Coast and only Plaintiff resides in California.

12        Under the circumstances, Bullard could not have reasonably foreseen that any

13  action he may be alleged to have engaged in, in Norfolk, Virginia, could result in

14  litigation in California.  In light thereof, specific jurisdiction in California does not

15  exist.  *See Burger King Corp.*, *supra*, 105 S. Ct. at 2181-83 (exercise of specific

16  jurisdiction needs to be foreseeable by the defendant); *Bell Helicopter Textron, Inc.*

17  *v. Heliqwest Int'l*, 385 F.3d 1291, 1295-96 (10th Cir. 2004) (main factor in specific

18  jurisdiction analysis is whether it was reasonably foreseeable to defendant that its

19  action could result in litigation in the forum State).

20        The United States Supreme Court's recent ruling on the scope of specific

21  jurisdiction over an individual non-resident defendant, in *Walden v. Fiore*, 571 U.S.

22  __, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014), is illustrative of the lack thereof in this

23  instance.  In *Walden*, a Georgia police officer who was working as a Drug

24  Enforcement Administration (DEA) agent seized a large amount of cash from two

25  airline passengers at a Georgia airport prior to their flights to Nevada.  *Walden*, 134

26  S. Ct. at 1120.  The passengers sued the DEA agent in the United States District

27  Court for the District of Nevada, alleging he had violated their Fourth Amendment

28  rights.  *Id.* at 1121.  They claimed that personal jurisdiction existed because the cash

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02

17

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

had "originated" in Nevada and was ultimately sent back to Nevada, and because the passengers experienced injury in Nevada when they wished to use the funds there but could not. *Id*. at 1125-26.  The DEA agent moved to dismiss based on lack of personal jurisdiction in Nevada.  The district court granted dismissal and the Court of Appeals for the Ninth Circuit reversed.  *Id*. at 1120.

The Supreme Court reversed, finding that sufficient "minimum contacts" did not exist to exercise personal jurisdiction over the DEA agent.  *Id*. at 1121.  The Court ruled that "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State**.**"  *Id*.  That "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State," not contacts created by plaintiffs or third parties.  *Id*. at 1122 (quoting *Burger King Corp*., *supra*, 105 S. Ct. at 2184 (emphasis in original).  The DEA agent's activities in Georgia, although they affected money being transported to Nevada and although the plaintiffs felt injury in Nevada, did not meet that threshold.  *Walden*, *supra*, 134 S. Ct. at 1124.[5]  As the Supreme Court concluded, in words applicable in this instance as well, "the mere fact that [defendant's out-of-state] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."  *Walden*, *supra*, 134 S. Ct. at 1126 (no specific jurisdiction in Nevada where defendants' conduct in Georgia caused Nevada residents to suffer foreseeable harm in Nevada).

Here, there are no facts that Defendant Bullard's "suit-related conduct created a substantial connection with" California.  He is domiciled in Florida and, further,

---

[5]      The Supreme Court distinguished *Walden* from *Calder v. Jones,* 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (2015).  In *Calder*, the "minimum contacts" test was satisfied because the reputation-based effect of the alleged tort of libel – that is, actual readership of a libelous article and loss of reputation resulting therefrom – and publication to third persons were both necessary elements of the alleged libel tort that occurred in California and therefore "connected the defendants' conduct to California, not just to a plaintiff who lived there."  *Walden*, *supra*, 134 S. Ct. at 1123-24.  In *Walden*, although the injury was felt in Nevada, the defendant's suit-related conduct did not "connect[] him to the forum in a meaningful way."  *Id*. at 1125.

BULLARD MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION/PROPER VENUE

1  has never lived in California.  The acts and occurrences alleged in the Complaint

2  occurred, if anywhere, in Virginia.  There is no relationship between Defendant

3  Bullard, the State of California, and the events alleged in the Complaint such that a

4  court in California can exercise specific jurisdiction over him.

5  **B.**   **CALIFORNIA IS NOT THE PROPER VENUE FOR THIS ACTION**

6         28 U.S.C. § 1391(a)(2) authorizes venue in "a judicial district in which a

7  substantial part of the events or omissions giving rise to the claim occurred."

8  Plaintiff has the burden of showing that venue is proper in this Court with respect to

9  each cause of action.  *Allstar Marketing Group, LLC v. Your Store Online, LLC,* 666

10  F.Supp.2d 1109, 1126 (C.D. Cal. 2009).

11             The plaintiff has the burden of showing that venue is proper in

12             this district. ….  "When there are multiple parties and/or multiple

13             claims in an action, the plaintiff must establish that venue is proper as

14             to each defendant and as to each claim."

15  *Id*. (internal citations omitted).

16         Section III.A., *supra*, makes plain that Bullard does not have sufficient

17  "minimum contacts" with California to support personal jurisdiction for any of

18  Plaintiff's claims.  Were it otherwise, it would still nevertheless be incontrovertible

19  that "a substantial part of the events or omissions giving rise to the claim" did not

20  occur in California, let alone this judicial district.  Nothing in Plaintiff's Complaint

21  suggests that any part, no less "a substantial part," of any of his claims arose from

22  events or omissions in California.  In fact, the evidence presented demonstrates just

23  the opposite.  Accordingly, venue is improper and the action should be dismissed.

24  **C.**   **PLAINTIFF'S ACTION MUST BE DISMISSED OR TRANSFERRED**

25         When a court lacks jurisdiction over a defendant, dismissal is proper.

26  *Ruhrgas AG*, *supra*, 119 S. Ct. at 1570 (without personal jurisdiction "the court is

27  powerless to proceed to an adjudication").  Similarly, a court may dismiss a lawsuit

28  where venue is improper.  28 U.S.C. § 1406(a) ("The district court of a district in

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

513582.02

19

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   which is filed a case laying venue in the wrong division or district shall dismiss …

2   such case …)[6].

3       In this instance, where there is neither personal jurisdiction over defendant

4   Bullard nor proper venue, two independent bases exist for this Court to dismiss.

5   Following dismissal, Plaintiff could refile his action in a district in which

6   jurisdiction and venue are proper.

7       Admittedly, dismissal is not necessarily the only remedy available for a

8   complaint filed where personal jurisdiction is lacking and venue is improper.  In

9   addition to authorizing dismissal where venue is improper, 28 U.S.C. § 1406(a)

10  provides that "if it be in the interest of justice, [the district court may] transfer such

11  case [laying venue in the wrong division or district] to any district or division in

12  which it could have been brought."  Section 1406(a) can be used to remedy defects

13  of either venue or personal jurisdiction.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463,

14  465, 82 S. Ct. 913, 915, 8 L. Ed. 2d 39 (1962) ("[n]othing in [the] language [of 28

15  U.S.C. § 1406(a)] indicates that the operation of the section was intended to be

16  limited to actions in which the transferring court has personal jurisdiction over the

17  defendants").

18      Similarly, 28 U.S.C. § 1631 also authorizes the transfer of a civil action filed

19  in a court where personal jurisdiction is lacking when it would be in the interest of

20  justice to do so.  *See Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (case

21  transferred under 28 U.S.C. § 1631 where personal jurisdiction lacking and venue

22  improper).

23              **IV.    CONCLUSION**

24      For the reasons set forth above, this action against Defendant Bullard should

25  be dismissed for lack of personal jurisdiction and/or improper venue, or, if this

26  / / /

27  / / /

28

---

[6]   Such rules apply to removed actions.  28 U.S.C. § 1390(c).

LAW OFFICES
**ROSENFELD, MEYER & SUSMAN LLP**
513582.02

20

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1    Court finds that it is in the interests of justice, transferred to an appropriate forum

2    pursuant to 28 U.S.C. §§ 1406(a) and/or 1631.

3

4                                         Respectfully submitted,

5    DATED:  September 25, 2017           TODD W. BONDER, ESQ.
                                          MICHAEL V. MANCINI, ESQ.
6                                         ROSENFELD, MEYER & SUSMAN LLP

7
                                          By: _____ /s/ Todd W. Bonder _____
8                                                     Todd W. Bonder
                                          Attorneys for Defendant
9                                         THADDEUS MICHAEL BULLARD SR.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513582.02                                 21

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE