1 | TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
*tbonder@rmslaw.com*
2 | MICHAEL V. MANCINI, ESQ. (Cal. Bar No. 263799)
*mmancini@rmslaw.com*
3 | ROSENFELD, MEYER & SUSMAN LLP
232 North Canon Drive
4 | Beverly Hills, California 90210-5302
Telephone: (310) 858-7700
5 | Facsimile: (310) 860-2430

6 | Attorneys for Defendant
THADDEUS MICHAEL BULLARD, SR.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 | DONALD ANDERSON, an individual, )   Case No. 2:17-CV-06671 VAP (KSx)

12 | Plaintiff,   )   **DEFENDANT'S RENEWED**

13 | v.   )   **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

14 | THADDEUS MICHAEL BULLARD   )   **AND/OR IMPROPER VENUE;**
SR. ("TITUS O'NEIL"), an individual;   )   **MEMORANDUM OF POINTS AND**
15 | and DOES 1 through 300, Inclusive,   )   **AUTHORITIES; DECLARATION OF THADDEUS MICHAEL**

16 | Defendants.   )   **BULLARD, SR.; CERTIFICATE OF SERVICE**

17 |   )   **[Fed. R. Civ. Pro. 12(b)(2) and (3)]**

18 |   )   DATE:   November 13, 2017
TIME:   2:00 p.m.
19 |   )   PLACE:   Courtroom 8A
350 West 1st Street
20 |   )   Courtroom Of the Honorable
Virginia A. Phillips
21 |

22 |

23 |   **NOTICE IS HEREBY GIVEN** that on Monday, November 13, 2017, at

24 | 2:00 p.m. or as soon thereafter as this matter may be heard in the Courtroom of the

25 | Honorable Virginia A. Phillips, located at the First Street Courthouse, 350 West 1st

26 | Street, Los Angeles, California 90012, defendant Thaddeus Michael Bullard, Sr.

27 | will move to dismiss this matter against him pursuant to Federal Rules of Civil

28 | Procedure 12(b)(2) and (3). The grounds for this motion are that this Court does not

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

1

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  have personal jurisdiction over defendant Thaddeus Michael Bullard, Sr., and that

2  the Central District of California is not the proper venue for adjudication of claims

3  between a local plaintiff and a citizen of another State regarding an alleged assault

4  and battery that occurred, if at all, in a State other than California.

5         The motion will be based on the attached Memorandum of Points and

6  Authorities, the Declaration of Thaddeus Michael Bullard, Sr. filed concurrently

7  herewith, and all papers on file in this action, and on such other and further

8  documents and other evidence as may be presented before or at the hearing.

9         This Motion is made following the conference of counsel pursuant to L.R. 7-3

10  which took place initially on September 13 and 18, 2017, and continued on October

11  3, 2017.

12

13                                     Respectfully submitted,

14  DATED:  October 16, 2017          TODD W. BONDER, ESQ.
                                      MICHAEL V. MANCINI, ESQ.
15                                     ROSENFELD, MEYER & SUSMAN LLP

16
                                      By: _____ /s/ Todd W. Bonder _____
17                                              Todd W. Bonder
                                      Attorneys for Defendant
18                                     THADDEUS MICHAEL BULLARD, SR.

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                                    2                    BULLARD MOTION TO DISMISS
                                                                  FOR LACK OF PERSONAL
                                                                  JURISDICTION/PROPER VENUE

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................... iii

NOTICE OF MOTION ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 3

I.      INTRODUCTION ................................................................................ 3

II.     STATEMENT OF FACTS .................................................................... 4

III.    LEGAL ARGUMENT ......................................................................... 9

     A.    DEFENDANT BULLARD IS NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA ............................... 9

          1.    California Does Not Have General Jurisdiction Over Defendant Bullard. ................................................................. 10

          2.    Specific Jurisdiction Over Defendant Bullard Does Not Exist in California. ................................................... 15

               (a)   Bullard Has Not Purposely Availed Himself of California Benefits. ............................................ 16

               (b)   No Affiliation Between California and the Underlying Dispute Exists. ..................................... 17

               (c)   Exercise of Personal Jurisdiction Would Not Be Reasonable In This Instance. ............................ 18

                     (i)    The extent of Defendant Bullard's purposeful interjection is at most minimal. ................................................... 19

                     (ii)   An alternate forum for Plaintiff's claims exists. ........................................ 19

                     (iii)  The burden on Defendant Bullard in appearing locally would be great. ................ 19

                     (iv)  The forum State does not have an identifiable interest in adjudicating the dispute. ................................................. 20

                     (v)   The shared interest of all States supports dismissal. .................................... 20

                     (vi)  Plaintiff's interest in obtaining convenient and effective relief does not militate against dismissal. ............................ 21

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

15801-001000
513909.04

i

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

Page

(vii)   The interstate judicial system's interest in obtaining the most efficient resolution of controversies supports dismissal. ............................................................ 21

B.   CALIFORNIA IS NOT THE PROPER VENUE FOR THIS ACTION .................................................................. 23

C.   PLAINTIFF'S ACTION MUST BE DISMISSED OR TRANSFERRED.................................................................. 24

IV.   CONCLUSION............................................................................ 25

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

15801-001000
513909.04

ii

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Allstar Marketing Group, LLC v. Your Store Online, LLC,*
     666 F.Supp.2d 1109 (C.D. Cal. 2009) .......................................................23

*Asahi Metal Industry Co. v. Superior Court,*
     480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) ..............................16

*In re Automobile Antitrust Cases I and II,*
     135 Cal. App. 4th 100, 37 Cal. Rptr. 3d 258 (2005) ..................................16

*BNSF Ry. Co. v. Tyrrell,*
     582 U.S. __, 137 S. Ct. 1549, 198 L.Ed. 2d 36 (2017) ..............................14

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
     223 F.3d 1082 (9th Cir. 2000) .............................................................11, 14

*Bell Helicopter Textron, Inc. v. Heliqwest Int'l,*
     385 F.3d 1291 (10th Cir. 2004) ...............................................................21

*Bristol-Myers Squibb Co. v. Superior Court,*
     582 U.S. __, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) ...............10, 16-17

*Burger King Corp. v. Rudzewicz,*
     471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ...........16, 19, 21-22

*Burnham v. Superior Court of Cal.,*
     495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) ..........................13

*Calder v. Jones,*
     465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (2015) ...........................22

*Cornelison v. Chaney,*
     16 Cal. 3d 143 (1976)...............................................................................12

*Daimler AG v. Bauman,*
     571 U.S. __, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ...................10, 11, 14

*Doe v. Unocal Corp.,*
     248 F.3d 915 (9th Cir. 2001) .................................................................9, 16

*Dole Food Co. v. Watts,*
     303 F.3d 1104 (9th Cir. 2002) ...................................................................9

*First Chicago Int'l v. United Exch. Co. Ltd.,*
     836 F.2d 1375 (D.C. Cir. 1988) ...............................................................9-10

*Flynt Distrib. Co., Inc. v. Harvey,*
     734 F.2d 1389 (9th Cir. 1984) ....................................................................9

*Goldlawr, Inc. v. Heiman,*
     369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) ...................................24

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513670.03

iii

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796
    (2011) ............................................................................10-11, 13-14, 17-18

*Greenspun v. Del E. Webb Corp.,*
    634 F.2d 1204 (9th Cir. 1980) ...................................................................9

*Hanson v. Denkla,*
    357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) ......................... 16-17

*Helicopteros Nationales de Columbia, S.A. v. Hall,*
    466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ......................11, 16

*International Shoe Co. v. Washington,*
    326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ...................................10

*J. McIntyre Machinery, Ltd. v. Nicastro,*
    564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011) .............. 13, 16-17

*Lake v. Lake,*
    817 F.2d 1416 (9th Cir. 1987) ................................................................16

*Lehigh Valley Industries, Inc. v. Birenbaum,*
    527 F.2d 87 (2d Cir. 1975) ......................................................................9

*Mihlon v. Superior Court,*
    169 Cal. App. 3d 703, 215 Cal. Rptr. 442 (1985) ......................................9

*Perkins v. Benguet Consolidated Mining Co.,*
    342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 2d 485 (1952) ................................11

*Rano v. Sipa Press, Inc.,*
    987 F.2d 580 (9th Cir. 1993) ..................................................................16

*Ranza v. Nike, Inc.,*
    793 F.3d 1059 (9th Cir. 2015) .................................................................11

*Ruhrgas AG v. Marathon Oil Co.,*
    526 U.S. 574, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ......................9, 24

*Terracom v. Valley Natl. Bank,*
    49 F.3d 555 (9th Cir. 1995) ....................................................................16

*Trujillo v. Williams,*
    465 F.3d 1210 (10th Cir. 2006) ...............................................................25

*Walden v. Fiore,*
    571 U.S. __, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ........................ 22-23

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ..............................17

*Ziegler v. Indian River County,*
    64 F.3d 470 (9th Cir. 1995) ..................................................................9, 19

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513670.03

iv

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

# STATUTES AND RULES

28 U.S.C. § 1390(c) ........................................................................24

28 U.S.C. § 1391(a)(2)....................................................................23

28 U.S.C. § 1406(a) .................................................................. 24-25

28 U.S.C. § 1631............................................................................25

Fed. R. Civ. Pro. 12(b)(2) ................................................................3

Fed. R. Civ. Pro. 12(b)(3) ................................................................3

# TREATISES AND PERIODICALS

4A C. Wright, A. Miller, & A. Steinman, FEDERAL PRACTICE AND PROCEDURE § 1069 (4th ed. 2015) ........................................................16

Patrick J. Borchers, *J. McIntyre Machinery, Goodyear, and the Incoherence of the Minimum Contacts Test*, 44 CREIGHTON L. REV. 1245 (2011)...............13

Emily Eng, *A New Paradigm:  Domicile as the Exclusive Basis for the Exercise of General Jurisdiction over Individual Defendants*, 32 CARDOZO L. REV. 845 (2012) ....................................................................13

*Merriam-Webster Online Dictionary*, https://www.merriam-wenbster.com (2004)....................................................................12, 13

Linda Silberman, *Comparative Jurisdiction in the International Context: Will the Proposed Hague Judgments Convention Be Stalled?*, 52 DEPAUL L. REV. 319 (2002).....................................................................13

*Webster's New World Dictionary of the American Language: Second College Edition* (Simon and Schuster 1980), p. 308..........................................12

*Webster's New World Dictionary of the American Language: Second College Edition* (Simon and Schuster 1980), p. 1445..........................................13

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513670.03

v

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE

## I.   INTRODUCTION

Pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure, Defendant Thaddeus Michael Bullard, Sr. ("Bullard") moves for a second time to dismiss the claims asserted against him, in this instance in Plaintiff Donald Anderson's ("Plaintiff") First Amended Complaint for Damages for: (1) Battery Against All Defendants; (2) Assault Against All Defendants; (3) Willful Misconduct Against All Defendants; (4) Negligence Against All Defendants; (5) Negligence Against WWE; (6) Gross Negligence Against All Defendants; (7) Gross Negligence Against WWE; (8) Intentional Infliction of Emotional Distress Against All Defendants; (9) Negligent Infliction of Emotional Distress Against All Defendants (the "FAC"), for lack of personal jurisdiction and improper venue.

As set forth in detail in his original but now mooted motion to dismiss, Bullard is not a resident of California and lacks sufficient contacts with California to give rise to either general or specific jurisdiction.  The alleged incident occurred in another State, does not arise from any California-affiliated or California-directed activity and, in fact, has nothing whatsoever to do with any activity in or interest of the State of California.  Further, the imposition of personal jurisdiction over Bullard, a Floridian with no more than attenuated and sporadic contacts with California who knew nothing about any connection Plaintiff might have to the State of California, by a court located therein would offend traditional notions of fair play and substantial justice.  For much the same reasons, venue is also improper here.  If Plaintiff wishes to pursue his meritless claims against Bullard, he must do so elsewhere.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

3

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

## II.   **STATEMENT OF FACTS**

In response to Defendant Bullard's previous well-taken motion to dismiss Plaintiff's initial complaint for lack of personal jurisdiction and improper venue, Plaintiff has tried to salvage the proceedings he chose for strategic but ill-advised reasons to bring in this forum by voluntarily amending his operative complaint to include "Jurisdictional Allegations." [FAC, ¶¶ 8-15.] Therein, Plaintiff endeavors to establish what he contends are Bullard's "continuous and systematic" contacts with California. [*Id.* at ¶9.] As demonstrated in Defendant Bullard's accompanying declaration and discussed below, the facts are otherwise.

Essentially unchanged from his prior pleading, the purported common factual basis for Plaintiff's claims asserted in the FAC, are, in pertinent part, as follows:[1]

a)  Plaintiff "was engaged by Uranus Productions, LLC ('Uranus') to work in conjunction with WWE … to produce an 'electric shock prank' television show" [*Id.* at ¶16];

b)  One of the shows featured "'Superstar' Paige … hunting down fellow WWE 'Superstars' with an electric shock stick, and shocking WWE 'Superstars'" [*Id.* at ¶21];

c)  "On or about May 18, 2015, [Plaintiff] Anderson was on the [unidentified] premises occupied, controlled and managed by the WWE, during the production of [a] WWE electric shock prank program" for which he "was a camera operator for Uranus" [*Id. at* ¶22];

d)  "WWE representatives shocked [defendant Bullard] with [an] electric shock device" [*Id. at* ¶27];

e)  After being "shocked … with the electric shock device, [defendant Bullard purportedly] became enraged and began shouting, and he raced up to plaintiff Anderson in a threatening manner" [*Id.*];

[1]   Without admitting the truth thereof, which is denied, the allegations of Plaintiff's FAC are recited herein solely for the purpose of setting forth Plaintiff's claims in order to demonstrate that jurisdiction does not exist and venue is improper.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

4

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1     f)  Defendant Bullard is alleged to have "proceeded to forcefully kick

2 Anderson's wrist, hand and fingers, which were supporting and grasping the camera

3 to film the prank activity" and, the FAC goes on to allege, "[t]he kick caused

4 permanent and long term injuries to Anderson's wrist and hand, and his fingers were

5 impacted and injured for a significant initial period of time" [FAC, ¶28];

6     g)  "Directly following the incident, Anderson was told by WWE personnel

7 that he was not safe on the premises" and "Plaintiff was whisked away from the

8 scene of the incident, in fear of the possibility of further attacks by" defendant

9 Bullard [*Id. at* ¶29];

10     h)  "WWE failed to maintain a well-supervised, secure, managed, safe

11 environment inside the arena, of which it had complete control ..." [*Id. at* ¶30]; and

12     i)  "Venue is appropriate in Los Angeles Superior Court, California, because

13 Plaintiff Anderson has at all relevant times herein resided, and presently resides in

14 Sherman Oaks, California, and all defendants do business in Los Angeles,

15 California." [*Id. at* ¶31.]

16     <u>Battery</u>:  For his first cause of action, for battery, Plaintiff alleges that

17 "Defendant [Bullard] deliberately and intentionally kicked [plaintiff] Anderson's

18 wrist, hand and fingers" and "intended to cause and did cause a harmful contact with

19 plaintiff Anderson's person." [*Id. at* ¶¶ 33-34.]

20     <u>Assault</u>:  For his second cause of action, for assault, Plaintiff incorporates all

21 prior allegations and further alleges that "Defendant [Bullard] intended to cause and

22 did cause plaintiff Anderson to suffer apprehension of an immediate harmful

23 contact." [*Id. at* ¶43.]

24     Each of Plaintiff's other asserted causes of action against Defendant Bullard,

25 for willful misconduct, negligence, gross negligence and intentional/negligent

26 infliction of emotional distress, is predicated on the same alleged underlying

27 incident as his claims for battery and assault:  [*See Id. at* ¶¶ 49-104.]

28     With regard to jurisdiction over Bullard, the FAC alleges that Bullard makes

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

5

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  promotional appearances for what Plaintiff mistakenly claims is Bullard's own

2  purported "brand" in California, and sometimes works for co-defendant World

3  Wrestling Entertainment, Inc. ("WWE") in said State. [FAC, ¶9 at 3:11-13.] In

4  support thereof, the FAC sets forth what Plaintiff incorrectly claims are at least 20

5  separate contacts with the forum State. [*Id.* at 3:14-4:24.] Aside from the

6  inaccuracy of the predicate characterization and Plaintiff's list, a cursory review

7  thereof reveals the fallacy of Plaintiff's quantification.

8       Four of the alleged "continuous and systematic" contacts are actually on the

9  same date, *i.e.*, June 26, 2017. [*Id.* at 4:9-15.] Two are on September 18, 2017,

10  with a third on the day immediately prior thereto. [*Id.* at 3:21-25.] Three more are

11  on each of two sets of consecutive days, *i.e.*, August 7-9 and September 9-11, 2017.

12  [*Id.* at 3:37-4:3, 4:6-8.] In addition, two are on two other sets of consecutive days,

13  *i.e.*, February 19-20 and September 24-25, 2017. [*Id.* at 3:17-20, 4:18-21.] And two

14  more are separated in time by no more than a day. [*Id.* at 4:16-17.] Six of the

15  alleged "contacts" are actually during a single twelve-day span of time. [*Id.* at 3:15-

16  26.] Finally, the last of the alleged "contacts with California" is merely "online"

17  sales of merchandise. [*Id.* at 4:24.] As such, what Plaintiff attempts to portray as

18  "at least 20 contacts with California" are in reality no more than 10, if that.

19       Presumably because it would be false, the FAC does not allege that any of

20  Bullard's purported contacts with California has anything to do with the purported

21  incident alleged therein. Nor does the FAC allege that such incident was in any way

22  directed toward or affiliated with California.

23       In response to Plaintiff's unsubstantiated allegations and support of his instant

24  motion to dismiss, the irrefutable evidence Bullard attests to includes the following:

25       Bullard is, and always has been, a citizen and domiciliary of the State of

26  Florida. [Declaration of Thaddeus Michael Bullard, Sr. (hereinafter "Bullard Decl.")

27  filed concurrently herewith, ¶¶ 1, 6.] He currently resides in Tampa, Florida. [*Id.* ¶6.]

28       Bullard has never resided in California. [*Id.* at ¶¶ 6-7.] He has never owned

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                                        6

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   any real property or interest in a privately-held business, or been registered to vote,

2   in the State of California. [Bullard Decl., ¶7.] He has never had any offices or

3   employees, rented any real property, or had a statutory agent in California. [*Id.*] He

4   has never owned or otherwise held or otherwise had any bank accounts, licenses or

5   business operations in California. [*Id.*] He has never had any telephone listing or

6   mailing address in California. [*Id.*] He has never placed any advertisements in

7   California newspapers, magazines or other media. [*Id.*]

8       The only income-producing activity Bullard has undertaken in California is

9   occasional and sporadic appearance work, from time to time, under contract with

10  World Wrestling Entertainment, Inc. ("WWE") in connection with shows or other

11  events coordinated, produced and managed by the WWE and at which the WWE

12  scheduled him as talent and paid him. [*Id.*] Bullard does not have control over the

13  selection of the locations at which his services as talent are to be provided under his

14  contract with WWE; in any and all such circumstances, the locations where his

15  services have been and are provided were and are determined by the WWE, which

16  directs Bullard where to perform, makes all travel and other arrangements, and pays

17  for his services with respect thereto. [*Id.* at ¶3.]

18       Although Plaintiff claims without support that Bullard makes appearances in

19  California "to promote <u>his own</u> 'Titus World Wide' brand" and "himself,

20  independent of WWE or his brand" [FAC, ¶9 at 3:12-13 (emphasis added)], the true

21  facts belie such assertions. As Bullard attests in his accompanying declaration, it is

22  WWE that creates its talents' personas and, importantly, retains all intellectual

23  property rights in the same. [Bullard Decl., ¶11.a.] In particular, the "Titus Brand"

24  (including "Titus Worldwide") was created by WWE as a means to promote its

25  character "Titus Oneil." [*Id.*] <u>All intellectual property, including but not limited to</u>

26  <u>merchandising rights, of and concerning either the character "Titus Oneil" or the</u>

27  <u>"Titus Brand," is owned by WWE.</u> [Bullard Decl., ¶11.a.] It is not owned by Bullard.

28       Without limitation, Bullard was not in California on August 7 or September 29,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

7

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  2017, and not only is the date wrong but the image referenced in paragraph 9(J) of the

2  FAC was actually shot at WWE's RAW TV in Tennessee. [Bullard Decl., ¶11.a.]

3        With the exception of Bullard's uncompensated TED Talk at UCLA[2], any and

4  all contacts with California referred to in paragraph 9 of the FAC that actually took

5  place were predominantly if not exclusively in connection with shows or other

6  events produced by WWE and/or promotion of WWE's intellectual property and

7  brand, as described above. [*Id.* at ¶¶ 8, 11.c.]

8        Other than any such work he may do under contract with WWE, Bullard has

9  not conducted any business in California. [*Id.* at ¶7.]  Moreover, he has never at any

10  time purposefully chosen to do business in the State of California, including but not

11  limited to the County of Los Angeles therein. [*Id.*]

12        Regarding location, the premises alluded to but not identified in the FAC at

13  which Bullard was subjected to an unwanted electrical charge from an electric shock

14  device – which is a sanitized way of referring to what is commonly known as a

15  "cattle prod," and at which the purported incident alleged in the FAC occurred, if at

16  all, are located in Norfolk, Virginia. [*Id.* at ¶5.]  No such premises are located

17  within the State of California. [*Id.*]

18        On the date in question, May 18, 2015, Bullard was not in California. [*Id.*]

19  He was in Norfolk, Virginia, at the direction of the WWE. [*Id.*]

20        WWE and its party-affiliated witnesses are located in Connecticut. [*Id.* at ¶9.]

21  Bullard is located in Florida. [*Id.*]

22        Prior to being sued, nothing was known to Bullard that would suggest he

23  might be subject to suit in California in connection with the events alleged in

24  Plaintiff's operative pleading. [*Id.* at ¶10.]  Bullard does not know Plaintiff Donald

25  Anderson and, until being sued and seeing it alleged in Plaintiff's initial complaint,

26

---

[2]    Bullard made a single appearance as a public speaker at a TED Talk that was
27  held at the University of California, Los Angeles, on May 20, 2017, for which he
   was honored to be invited by the TEDxUCLA organizers to speak about his
28  inspirational story. [Bullard Decl., ¶8.]  He received no compensation for such
   speaking appearance. [*Id.*]

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

8

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  had no inkling that he resides or is domiciled in California.  [*Id.*]

2      In short, Bullard never could have suspected he would be dragged into court

3  in California because of the events surrounding a surprise assault on him with a

4  cattle prod that took place in Virginia.  To be hauled into court in a foreign

5  jurisdiction, under such circumstances, is far beyond any person's reasonable

6  understanding of the reach of the long arm of the law.

7          **III.   LEGAL ARGUMENT**

8  **A.    DEFENDANT BULLARD IS NOT SUBJECT TO PERSONAL**

9      **JURISDICTION IN CALIFORNIA**

10     Personal jurisdiction is an "essential element" of a court's jurisdiction,

11 "without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG*

12 *v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S. Ct. 1563, 1570, 143 L. Ed .2d 760

13 (1999) (internal quotation marks omitted).

14     "The party seeking to invoke jurisdiction has the burden of establishing that

15 jurisdiction exists."  *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th

16 Cir. 1984); accord *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Ziegler*

17 *v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Dole Food Co. v. Watts*,

18 303 F.3d 1104, 1108 (9th Cir. 2002) (plaintiffs bear the burden of showing that

19 jurisdiction is appropriate). See also *Mihlon v. Superior Court*, 169 Cal. App. 3d

20 703, 710, 215 Cal. Rptr. 442, 445 (1985) ("[W]hen jurisdiction is challenged by a

21 non-resident defendant, the burden of proof is upon the plaintiff to demonstrate that

22 'minimum contacts' exist between defendant and the forum state to justify

23 imposition of personal jurisdiction").  To meet his or her burden, the plaintiff must

24 allege specific acts connecting the defendant with the forum.  *Greenspun v. Del E.*

25 *Webb Corp.*, 634 F.2d 1204, 1208 & n. 5 (9th Cir. 1980) (citing *Lehigh Valley*

26 *Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) ("a plaintiff must

27 allege specific acts connecting defendant with the forum to support a finding of

28 jurisdiction"); *First Chicago Int'l v. United Exch. Co. Ltd.*, 836 F.2d 1375, 1378

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

9

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  (D.C. Cir. 1988) (the plaintiff "must allege specific acts connecting the defendant

2  with the forum").

3      The Due Process Clause of the Fourteenth Amendment precludes a state or

4  federal court from asserting jurisdiction over a non-resident defendant unless he or

5  she has sufficient "minimum contacts" with the State in which the court is located

6  that the exercise of such jurisdiction "does not offend traditional notions of fair play

7  and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316-

8  317, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). "The primary focus of [the court's]

9  personal jurisdiction inquiry is the defendant's relationship to the forum State."

10  *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. __, 137 S. Ct. 1773, 1779,

11  198 L. Ed. 2d 395 (2017).

12      Personal jurisdiction can be either general or specific. *Bristol-Myers Squibb*

13  *Co., supra*, 137 S. Ct. at 1780 (there are "two types of personal jurisdiction:

14  'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes

15  called 'case-linked') jurisdiction"); *Goodyear Dunlop Tires Operations, S.A. v.*

16  *Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011).

17      **1.**    **California Does Not Have General Jurisdiction Over Defendant**

18          **Bullard.**

19      "A court with general jurisdiction may hear any claim against that defendant,

20  even if all the incidents underlying the claim occurred in a different State." *Bristol-*

21  *Myers Squibb Co., supra*, 137 S. Ct. at 1780. "But 'only a limited set of affiliations

22  with a forum will render a defendant amenable to' general jurisdiction in that State."

23  *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. __, 134 S. Ct. 746, 760, 187 L. Ed. 2d

24  624 (2014).

25      The United States Supreme Court has in recent years described the concept of

26  general jurisdiction as an "obsolescing" one, with the modern trend favoring a

27  specific/limited jurisdiction analysis. *Daimler, supra*, 134 S. Ct. at 756, 758 & n. 8

28  ("general jurisdiction has come to occupy a less dominant place in the contemporary

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

10

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  scheme"). Although at one time continuous and systematic business in a forum
2  State may arguably have been sufficient to confer general jurisdiction upon a non-
3  resident, that alone is no longer sufficient. *Daimler*, *supra*, 134 S. Ct. at 760-761;
4  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (general jurisdiction does
5  not exist when non-resident defendant's business activities in forum State are not so
6  pervasive as to render it "at home" in that forum).

7      Aside from being served with process while present in the forum State, in
8  order for general jurisdiction to exist such that a court may adjudicate any cause of
9  action against the defendant, even one unrelated to the defendant's activities in the
10  forum State, the defendant must either (a) be a resident of the State or (b) engage in
11  activities in the State on such a "substantial, continuous and systematic" basis as to
12  essentially render the defendant "at home in the forum State." *Goodyear*, *supra*,
13  131 S. Ct. at 2851; *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446-
14  447, 72 S. Ct. 413, 418-419, 96 L. Ed. 2d 485 (1952); *Ranza v. Nike, Inc.*, *supra*,
15  793 F.3d at 1070.

16      The standard for establishing general jurisdiction is "fairly high" and requires
17  contacts by the defendant substantial and pervasive enough to approximate his or
18  her physical presence in the State. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
19  223 F.3d 1082, 1083 (9th Cir. 2000); *Helicopteros Nationales de Columbia, S.A. v.*
20  *Hall*, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 1872-73, 80 L. Ed. 2d 404 (1984)
21  (purchasing goods and services in a State is not enough to subject a party to personal
22  jurisdiction). "For an individual, the paradigm forum for the exercise of general
23  jurisdiction is the individual's domicile; for a corporation, it is an equivalent place,
24  one in which the corporation is fairly regarded as at home." *Goodyear*, *supra*, 131
25  S. Ct. at 2853-54.

26      The FAC attempts to establish general jurisdiction by asserting that Bullard
27  visits California with scattered frequency, sometimes works in California, and when
28  he is in California Bullard sometimes "promotes" himself on social media. No

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

11

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  known authority exists for the proposition that activities of the type and amount

2  alleged meet a plaintiff's burden of establishing general jurisdiction over an

3  individual consistent with due process.  Much more is required. .

4    For example, in *Cornelison v. Chaney*, 16 Cal. 3d 143 (1976)*,* the California

5  Supreme Court found no general jurisdiction to exist in the forum State over an out-

6  of-state commercial long-haul truck driver with a California Public Utilities

7  Commission license who made approximately 20 trips per year into California over

8  the preceding 7 years to deliver and obtain goods and was involved in an accident, in

9  Nevada, while en route to California on a commercial trek.  16 Cal. 3d at 146-149.

10  The court held that such contacts, despite the quantity, duration and being explicitly

11  for commercial purposes within California, were "not so substantial or wide-ranging

12  as to justify general jurisdiction over him to adjudicate all matters regardless of their

13  relevance to the cause of action alleged by plaintiff." *Id.* at 148.[3]  The same

14  conclusion applies in this instance.

15    Although the FAC attempts to characterize Bullard's in-state activities as

16  "continuous and systematic contacts with California" [FAC, ¶10], no authority

17  supports such legal conclusion – nor does a plain reading of the dictionary

18  definitions of the words "continuous[4]" and "systematic[5]."  Indeed, the U.S. Supreme

19
---
[3]   To be sure, *Cornelison* also held that such contacts, while insufficient for

20  general jurisdictional purposes, were sufficient to establish specific jurisdiction over
the nonresident truck driver.  However, specific jurisdiction resulted in that instance

21  from the close nexus between the nonresident truck driver's commercial actions
within California and the subject accident just outside its border while en route to

22  California for the same purpose as the other 20 commercial treks he took there each
year.  *Cornelison, supra*, 16 Cal. 3d at 149-151.

23
 In this instance, Bullard was not engaged in California-directed commerce

24  when the incident alleged in the FAC purportedly occurred.  That, alone,
distinguishes *Cornelison* as to specific jurisdiction, and demonstrates that this Court

25  lacks specific jurisdiction over Bullard herein.

26  [4]   "Continuous" means "marked by uninterrupted extension in space, time, or
sequemce" or "going on or extending without interruption or break; unbroken;

27  connected."  *See* "continuous," *Merriam-Webster Online Dictionary*,
https://www.merriam-wenbster.com (2004); *Webster's New World Dictionary of the*

28  *American Language: Second College Edition* (Simon and Schuster 1980), p. 308.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

12

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   Court has suggested that general jurisdiction can be established over an individual

2   only by domicile or, if not that, some omnibus and far-reaching connection virtually

3   indistinguishable therefrom.[6]   A contrary ruling would constitute an historical and

4   unfair expansion of the doctrine of general jurisdiction.[7]

5        Even if "continuous and systematic" business activities could establish

6   personal jurisdiction over Defendant Bullard, such business activities would need to

7   be "so 'continuous and systematic' as to render [him] essentially at home in the

8   forum State." *Goodyear*, *supra*, 131 S. Ct. at 2851.  Such is not the case here.

9        The allegations in the FAC and the evidence presented by Bullard

10  unequivocally demonstrate that there is no basis for general jurisdiction to exist.

11  First and foremost, Mr. Bullard has never resided in California.  He owns no real

12  property in California.  He holds no interest in a private business in California.  He

13  has never had any offices or employees, rented any real property, or had a statutory

14  agent in California.  He has never owned or otherwise held or otherwise had any

15

16  [5]   "Systematic" is defined as "marked by thoroughness and regularity; methodical
    in procedure or plan" or "made or arranged according to a system, method, or plan;
17  regular; orderly." *See* "systematic," *Merriam-Webster Online Dictionary*,
    https://www.merriam-wenbster.com (2004); *Webster's New World Dictionary of the*
18  *American Language: Second College Edition* (Simon and Schuster 1980), p. 1445.

19  [6]   *See, e.g., Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 & n. 1, 110 S.
    Ct. 2105, 2110 & n. 1, 109 L. Ed. 2d 631 (1990) ("It may be that whatever special
20  rule exists permitting 'continuous and systematic' contacts to support jurisdiction
    with respect to matters unrelated to activity in the forum applies only to
21  corporations, which never have fitted comfortably in a jurisdictional regime based
    primarily upon 'de facto power over the defendant's person'") (citations omitted);
22  *see also* Patrick J. Borchers, *J. McIntyre Machinery, Goodyear, and the Incoherence*
    *of the Minimum Contacts Test*, 44 CREIGHTON L. REV. 1245, 1268 (2011) ("The
23  first [question] is whether contacts-based general jurisdiction applies at all to
    individuals. In a footnote to his plurality opinion in *Burnham v. Superior Court of*
24  *California*, Justice Scalia suggested that the answer to this question is no"); Linda
    Silberman, *Comparative Jurisdiction in the International Context: Will the*
25  *Proposed Hague Judgments Convention Be Stalled?*, 52 DEPAUL L. REV. 319,
    344 n.128 (2002) (asserting that Justice Scalia's footnote in *Burnham*, above,
26  suggests that the Supreme Court "may view the 'doing business' jurisdiction as
    applicable only to corporations and not to individuals").

27  [7]   *See* Emily Eng, *A New Paradigm:  Domicile as the Exclusive Basis for the*
28  *Exercise of General Jurisdiction over Individual Defendants*, 32 CARDOZO L.
    REV. 845 (2012).

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                                    13

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   bank accounts, licenses or business operations in California.  He has never had any

2   telephone listing or mailing address in California.

3        Bullard has never at any time purposefully chosen to do business in the State

4   of California, including but not limited to the County of Los Angeles therein.  He

5   was not compensated for the TED appearance alleged in the FAC.  And the social

6   media posts attributed by Plaintiff to Bullard do not constitute "doing business,"

7   even if they were on behalf of Bullard personally rather than, as they actually were,

8   part of his work for the benefit of WWE.  In short, with the possible exception of

9   sporadic work he may do under contract with and at the direction of WWE, Bullard

10  has not engaged in any business activities in California.

11       Defendant Bullard lacks substantial, continuous and systematic connections to

12  California.  He is plainly not "at home" in California.  Florida is his home.  Any

13  contacts Bullard may have with California are not substantial and pervasive enough

14  to approximate his physical presence in this State.[8]  *Bancroft & Masters, Inc.*, *supra*,

15  223 F.3d at 1083.

16

17  ────────────────────

   [8]  Earlier this year, the United States Supreme Court reaffirmed *Daimler*'s

18  requirement that a defendant must be "at home" in the forum State for personal
jurisdiction to exist in *BNSF Ry. Co. v. Tyrrell*, 582 U.S. ___, 137 S. Ct. 1549, 198 L.

19  Ed. 2d 36 (2017).  There, the Court found that the State of Montana could not
exercise personal jurisdiction over a railway that was incorporated in Delaware, had

20  a principal place of business in Texas, and operated rail lines in 28 States, even
though the company had "2061 miles of railroad track in Montana," employed

21  approximately 2,100 people there, and maintained an automotive facility in
Montana.  137 S. Ct. at 1554.  Although the corporation was maintaining business

22  activities in the forum State that were both continuous and systematic, they were not
a significant enough proportion of the railway's activities to bring claims unrelated

23  to in-state activity within the personal jurisdiction of Montana.  *Id.* at 1559.  As
summarized by the Supreme Court:

24

25      In short, the business BNSF does in Montana is sufficient to subject
the railroad to specific personal jurisdiction in that State on claims
related to the business it does in Montana.  But in-state business, we

26  clarified in *Daimler* and *Goodyear*, does not suffice to permit the
assertion of general jurisdiction over claims . . . that are unrelated to

27  any activity occurring in Montana.

28  *Id.*  Similarly, Mr. Bullard may not be brought before a court in California to litigate
claims unrelated to any activity occurring in California.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

14

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1    With Bullard being a resident and domicile of Florida, where he was born,

2    grew up and lives, and whatever contacts he might have with California being no

3    more than attenuated and sporadic instead of the requisite "substantial, continuous

4    and systematic," any argument that California can exercise general jurisdiction over

5    him must fail.

6    **2.    Specific Jurisdiction Over Defendant Bullard Does Not Exist in**

7    **California.**

8    Plaintiff's operative pleading contains no allegations or suggestions

9    whatsoever that the parties' dispute arises out of or relates to any of Defendant

10   Bullard's acts or omissions in or related to the State of California.  To the contrary,

11   the claims against Bullard asserted in the FAC arise out of or relate, if at all, to an

12   alleged incident in the State of Virginia with which the forum State has no

13   involvement or legitimate state interest.  Indeed, Plaintiff essentially admits as much

14   in the FAC, which alleges nothing more on this issue than that venue is appropriate

15   in Los Angeles, California because "Plaintiff resides in California, the vast majority

16   of the medical treatment he received, and is still receiving, occurred in California,

17   pursuant to California workers' compensation laws, the majority of the witnesses to

18   the events involved in this lawsuit are Plaintiffs' co-workers, who reside in

19   California" [FAC, ¶15], and "because Plaintiff Anderson has at all relevant times

20   herein resided, and presently resides in Sherman Oaks, California, and all

21   defendants do business in Los Angeles, California." [*Id.* at ¶31.]  Accordingly,

22   because of the lack of sufficient connection as between the forum State, Bullard and

23   the underlying incident, courts located in California do not have specific jurisdiction

24   over him in this case.

25   In determining whether to exercise specific jurisdiction over a non-resident

26   defendant, courts apply a three-part test:

27        i)    The defendant must have done some act by which it

28   "'purposefully avail[ed] itself of the privilege of conducting activities within

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

15

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1    the forum State'" or has purposefully directed its conduct into the forum

2    State, thereby involving the benefits and protections of its laws [*J. McIntyre*

3    *Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 877, 131 S. Ct. 2780, 180 L. Ed.

4    2d 765 (2011) (quoting *Hanson v. Denkla*, 357 U.S. 235, 253, 78 S. Ct. 1228,

5    1240, 2 L. Ed. 2d 1283 (1958))];

6          ii)    "'the suit' must 'aris[e] out of or relat[e] to the defendant's

7    contacts with the *forum*" [*Bristol-Myers Squibb Co., supra*, 137 S. Ct. at 1776

8    (emphasis in original); *Helicopteros, supra*, 104 S. Ct. at 1872]; and

9          iii)    the exercise of jurisdiction must be reasonable and comport with

10    principles of fair play and substantial justice under the circumstances.

11  *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 113-114, 107 S. Ct.

12  1026, 1032-33, 94 L. Ed. 2d 92 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S.

13  462, 472-78, 105 S. Ct. 2174, 2184-2185, 85 L. Ed. 2d 528 (1985) (to establish

14  specific jurisdiction, the plaintiff must show among other things that the defendant

15  "purposefully directed" his activities at the forum and the claim must result from

16  alleged injuries that "arise out of or relate to" the defendant's activities directed at

17  the forum); *Terracom v. Valley Natl. Bank*, 49 F.3d 555, 560 (9th Cir. 1995); *Rano*

18  *v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993); *Lake v. Lake*, 817 F.2d 1416,

19  1421 (9th Cir. 1987); 4A C. Wright, A. Miller, & A. Steinman, FEDERAL

20  PRACTICE AND PROCEDURE § 1069, pp. 22-78 (4th ed. 2015).  See also *Doe v.*

21  *Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001); *In re Automobile Antitrust Cases I*

22  *and II*, 135 Cal. App. 4th 100, 113, 37 Cal. Rptr.3d 258, 271 (2005) ("[p]ersonal

23  jurisdiction must be based on forum-related acts that were personally committed by

24  each non-resident defendant").

25        **(a)**      **Bullard Has Not Purposely Availed Himself of California**

26                  **Benefits.**

27    "Purposeful availment," the first criterion, precludes a party from being

28  brought into the jurisdiction solely by reason of "random, fortuitous or attenuated

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

16

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1 | contacts." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.

2 | Ct. 559, 567, 62 L. Ed. 2d 490 (1980).  Instead, the party must have engaged in

3 | intentional acts purposefully directed toward the forum State and by which he or she

4 | has taken advantage of the benefits and privileges of the laws of the forum State,

5 | thereby justifying the exercise of personal jurisdiction by the courts located therein.

6 | *J. McIntyre Machinery, Ltd.*, *supra*, 131 S. Ct. at 2785; *Hanson*, *supra*, 78 S. Ct. at

7 | 1240.  Aside from "random, fortuitous or attenuated contacts," there have been no

8 | intentional acts by Defendant Bullard purposefully directed toward California and

9 | by which he has taken advantage of the benefits and privileges of the laws of

10 | California, thereby justifying the exercise of personal jurisdiction by the courts

11 | located therein.

12 | **(b)**     **No Affiliation Between California and the Underlying**

13 |              **Dispute Exists.**

14 |      The second criterion provides that, "[i]n order for a court to exercise specific

15 | jurisdiction over a claim, there must be 'an affiliation between the forum and the

16 | underlying controversy, principally, [an] activity or an occurrence that takes place in

17 | the forum State and is therefore subject to the State's regulation.' *Goodyear*, *supra*,

18 | 131 S. Ct. at 2851 (internal quotation marks and brackets in original omitted).

19 | When there is no such connection, specific jurisdiction is lacking regardless of the

20 | extent of a defendant's unconnected activities in the State. See *id.*, 131 S. Ct. at

21 | 2857 & n. 6 ('[E]ven regularly occurring sales of a product in a State do not justify

22 | the exercise of jurisdiction over a claim unrelated to those sales')." *Bristol-Myers*

23 | *Squibb Co.*, *supra*, 137 S. Ct. at 1781. For this reason, "'specific jurisdiction is

24 | confined to adjudication of issues derived from, or connected with, the very

25 | controversy that establishes jurisdiction.' *Id.* at 1780 (internal quotation marks

26 | omitted)."  Plaintiff's FAC does not suggest that any activity or occurrence

27 | connected to the cattle prod incident took place in California, and the irrefutable

28 | evidence presented in support of the instant Motion reflects otherwise.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

17

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1    Moreover, there is nothing about Bullard's presence in the State of Virginia

2 pursuant to his employment contract or about Bullard's being assaulted with a cattle

3 prod in said State without his consent thereto, or for that matter about Bullard's

4 alleged kicking of Plaintiff in Virginia while performing for WWE, which is based

5 in Connecticut, that creates an affiliation or connection with the forum State,

6 California.  There is nothing about any of the foregoing that can meaningfully be

7 said to be directed at California.  Indeed, California has absolutely nothing to do

8 with the interactions of private persons in Virginia, and the alleged personal

9 interactions do not give rise to the implication that the activities alleged in the FAC,

10 as between the parties, were directed at California.  The FAC does not even allege

11 that those activities were directed at California.  Accordingly, because as noted

12 above specific jurisdiction is confined to adjudication of issues derived from the

13 very controversy that establishes jurisdiction and the controversy alleged in the FAC

14 bears no relationship whatsoever to California, there is no affiliation with California

15 set forth in the FAC.  *Goodyear, supra*, 131 S. Ct. at 2851.  For that reason, this

16 Court lacks specific jurisdiction over Bullard.

17         **(c)**    **Exercise of Personal Jurisdiction Would Not Be**

18                    **Reasonable In This Instance.**

19    Although unnecessary given the lack of "purposeful availment" by Defendant

20 Bullard and no activity or occurrence that took place in California, the absence of

21 either of which is fatal in and of itself to the establishment of specific jurisdiction in

22 this instance, the third factor also does not support specific jurisdiction.

23    To determine the reasonableness of jurisdiction, the third criterion, seven

24 factors are considered: (1) the extent of defendant's purposeful interjection; (2) the

25 existence of an alternate forum; (3) the burden on defendant in appearing locally;

26 (4) the forum State's interest in adjudicating the dispute; (5) the shared interest of all

27 States involved in furthering their respective policies; (6) the plaintiff's interest in

28 obtaining convenient and effective relief; and (7) the interstate judicial system's

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                                18

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   interest in obtaining the most efficient resolution of controversies.  *Burger King*

2   *Corp.*, *supra*, 105 S. Ct. at 2184-85; *Ziegler v. Indian River County*, *supra*, 64 F.3d

3   at 474.

4                     (i)      **The extent of Defendant Bullard's purposeful**

5                              **interjection is at most minimal.**

6            The FAC alleges only tangential visits to California, such as his appearance as

7   a speaker at a TED Talk that took place only in Los Angeles, California, on May 20,

8   2017, for which he was selected and asked to speak, and the use of social media in

9   connection with certain work for WWE in California.  Aside from the sporadic

10  nature of his presence in California, it cannot be said that Bullard purposefully

11  interjected himself into California.

12           Bullard's work under contract for the WWE was at its direction and under its

13  control and, as such, cannot be said to constitute purposeful interjection into the

14  forum.

15                    (ii)     **An alternate forum for Plaintiff's claims exists.**

16           It is undeniable that the subject incident alleged in Plaintiff's FAC did not

17  take place in California.  Moreover, Defendant Bullard is domiciled in Florida and

18  WWE, which is located in Connecticut, would appear to potentially be subject to

19  suit in Florida due to its establishment of and association with a developmental

20  wrestling league in said State.  Accordingly, it would appear that this matter could

21  have been brought in the Middle District of Florida.

22                    (iii)    **The burden on Defendant Bullard in appearing locally**

23                             **would be great.**

24           With Bullard domiciled in Florida and the subject incident occurring, if

25  anywhere, in Norfolk, Virginia, the State of California is an extremely inconvenient

26  forum for him and the necessary witnesses, the majority of which are located on the

27  east coast and none of whom other than Plaintiff are located in California[9] and

28  _____

[9]      The FAC alleges that "the majority of the witnesses to the events involved in

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

19

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   subject to the jurisdiction of the District Court for the Central District of California
2   as a result.

3        In addition, to the extent that Defendant Bullard has potential cross-claims
4   that he would choose to assert against others arising from the subject series of
5   transactions or occurrences as Plaintiff's claims, it would further burden him
6   substantially to be forced to appear and defend himself locally since none of such
7   persons other than the plaintiff are located in California and subject to the
8   jurisdiction of the courts therein.  As a result, requiring Bullard to appear locally
9   would adversely affect his rights and constitute a substantial burden to him, as it
10  would in turn potentially necessitate a multiplicity of proceedings and the risk to
11  him of conflicting results in such proceedings.

12            **(iv)   The forum State does not have an identifiable interest**
13                    **in adjudicating the dispute.**

14       As the alleged conduct involved in this matter occurred entirely outside of the
15  State of California and did not implicate any policy in which the forum State has a
16  legitimate interest, the State of California has no identifiable interest in adjudicating
17  the instant dispute.

18            **(v)    The shared interest of all States supports dismissal.**

19       As the assault and battery alleged in Plaintiff's FAC was but a single incident
20  that occurred, if anywhere which is denied, in Norfolk, Virginia and nowhere else,
21  the State of Virginia may have an interest in the outcome of this dispute as may the
22  State of Florida where Bullard resides.  Since it would appear that this matter could
23  have been brought in one or more States other than California, the District Court for
24  the Central District of California should not assert jurisdiction over Bullard, a
25  Florida resident.

26
27
28

this lawsuit are Plaintiff's co-workers, who reside in California." [FAC, ¶15.]  As
far as Bullard knows, the only critical witness who resides in California is Plaintiff
himself.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

20

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1         **(vi)**     **Plaintiff's interest in obtaining convenient and**

2                         **effective relief does not militate against dismissal.**

3         Given his residence within the Central District, said forum may be the most

4 geographically convenient forum for Plaintiff and his counsel.  On the other hand,

5 the Central District is not a convenient forum in that the attendance or other

6 participation in the proceedings of any witnesses to the incident alleged in Plaintiff's

7 FAC cannot be compelled due to their lack of physical presence in California.

8         In addition, Plaintiff himself chose to be in Virginia at the time the alleged

9 incident occurred.

10         On balance, litigating this matter elsewhere will not inconvenience Plaintiff

11 greatly.  Additionally, Plaintiff can receive as effective relief in the Western District

12 of Virginia or Middle District of Florida as he can in the Central District of

13 California.

14         **(vii)**     **The interstate judicial system's interest in obtaining**

15                         **the most efficient resolution of controversies supports**

16                         **dismissal.**

17         The most efficient location for the adjudication of this matter is the Western

18 District of Virginia or Middle District of Florida, since the majority of the party and

19 non-party witnesses reside on the east coast and only Plaintiff resides in California.

20         As the Supreme Court has acknowledged, in order to comport with due

21 process a forum's exercise of specific jurisdiction needs to be foreseeable by the

22 defendant.  *See Burger King Corp.*, *supra*, 105 S. Ct. at 2181-83; *see also Bell*

23 *Helicopter Textron, Inc. v. Heliqwest Int'l*, 385 F.3d 1291, 1295-96 (10th Cir. 2004)

24 (main factor in specific jurisdiction analysis is whether it was reasonably

25 foreseeable to defendant that its action could result in litigation in the forum State).

26 In this instance, Bullard could not have reasonably foreseen that any action he may

27 be alleged to have engaged in, in Norfolk, Virginia, might result in litigation in

28 California.  Bullard did not know Plaintiff prior to the alleged incident, let alone that

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                   21

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  he was from California.  In light thereof, specific jurisdiction in California does not

2  exist.

3      The United States Supreme Court's recent ruling on the scope of specific

4  jurisdiction over an individual non-resident defendant, in *Walden v. Fiore*, 571 U.S.

5  __, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014), is illustrative of the lack thereof in this

6  instance.  In *Walden*, a Georgia police officer who was working as a Drug

7  Enforcement Administration (DEA) agent seized a large amount of cash from two

8  airline passengers at a Georgia airport prior to their flights to Nevada.  *Walden*, 134

9  S. Ct. at 1120.  The passengers sued the DEA agent in the United States District

10  Court for the District of Nevada, alleging he had violated their Fourth Amendment

11  rights.  *Id*. at 1121.  They claimed that personal jurisdiction existed because the cash

12  had "originated" in Nevada and was ultimately sent back to Nevada, and because the

13  passengers experienced injury in Nevada when they wished to use the funds there

14  but could not.  *Id*. at 1125-26.  The DEA agent moved to dismiss based on lack of

15  personal jurisdiction in Nevada.  The district court granted dismissal and the Court

16  of Appeals for the Ninth Circuit reversed.  *Id*. at 1120.

17      The Supreme Court reversed, finding that sufficient "minimum contacts" did

18  not exist to exercise personal jurisdiction over the DEA agent.  *Id*. at 1121.  The

19  Court ruled that "[f]or a State to exercise jurisdiction consistent with due process,

20  the defendant's suit-related conduct must create a substantial connection with the

21  forum State."  *Id*.  That "relationship must arise out of contacts that the 'defendant

22  *himself*' creates with the forum State," not contacts created by plaintiffs or third

23  parties. *Id*. at 1122 (quoting *Burger King Corp.*, *supra*, 105 S. Ct. at 2184

24  (emphasis in original).  The DEA agent's activities in Georgia, although they

25  affected money being transported to Nevada and although the plaintiffs felt injury in

26  Nevada, did not meet that threshold.  *Walden*, *supra*, 134 S. Ct. at 1124.[10]  As the

27  
---
[10]    The Supreme Court distinguished *Walden* from *Calder v. Jones*, 465 U.S. 783,
28  104 S. Ct. 1482, 79 L. Ed. 2d 804 (2015).  In *Calder*, the "minimum contacts" test
was satisfied because the reputation-based effect of the alleged tort of libel – that is,

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                                      22

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1   Supreme Court concluded, in words applicable in this instance as well, "the mere

2   fact that [defendant's out-of-state] conduct affected plaintiffs with connections to

3   the forum State does not suffice to authorize jurisdiction." *Walden, supra*, 134 S.

4   Ct. at 1126 (no specific jurisdiction in Nevada where defendants' conduct in

5   Georgia caused Nevada residents to suffer foreseeable harm in Nevada).

6        Here, there are no facts that Defendant Bullard's "suit-related conduct created

7   a substantial connection with" California.  He is domiciled in Florida and, further,

8   has never lived in California.  The acts and occurrences alleged in the FAC

9   occurred, if anywhere, in Virginia.  There is no relationship between Defendant

10  Bullard, the State of California, and the events alleged in the FAC such that a court

11  in California can exercise specific jurisdiction over him consistent with due process.

12  **B.    CALIFORNIA IS NOT THE PROPER VENUE FOR THIS ACTION**

13       28 U.S.C. § 1391(a)(2) authorizes venue in "a judicial district in which a

14  substantial part of the events or omissions giving rise to the claim occurred."

15  Plaintiff has the burden of showing that venue is proper in this Court with respect to

16  each cause of action.  *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666

17  F.Supp.2d 1109, 1126 (C.D. Cal. 2009).

18           The plaintiff has the burden of showing that venue is proper in

19           this district. .... "When there are multiple parties and/or multiple

20           claims in an action, the plaintiff must establish that venue is proper as

21           to each defendant and as to each claim."

22  *Id.* (internal citations omitted).

23       Section III.A., *supra*, makes plain that Bullard does not have sufficient

24  "minimum contacts" with California to support personal jurisdiction for any of

25  _____

26  actual readership of a libelous article and loss of reputation resulting therefrom –
    and publication to third persons were both necessary elements of the alleged libel
    tort that occurred in California and therefore "connected the defendants' conduct to

27  California, not just to a plaintiff who lived there." *Walden, supra*, 134 S. Ct. at
    1123-24.  In *Walden*, although the injury was felt in Nevada, the defendant's suit-

28  related conduct did not "connect[] him to the forum in a meaningful way." *Id.* at
    1125.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                            23

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1  Plaintiff's claims.  Were it otherwise, it would still nevertheless be incontrovertible

2  that "a substantial part of the events or omissions giving rise to the claim" did not

3  occur in California, let alone this judicial district.  Nothing in Plaintiff's FAC

4  suggests that any part, no less "a substantial part," of any of his claims arose from

5  events or omissions in California.  In fact, the evidence presented demonstrates just

6  the opposite.

7        Accordingly, venue is improper and the action should be dismissed.

8  **C.   PLAINTIFF'S ACTION MUST BE DISMISSED OR TRANSFERRED**

9        When a court lacks jurisdiction over a defendant, dismissal is proper.

10  *Ruhrgas AG*, *supra*, 119 S. Ct. at 1570 (without personal jurisdiction "the court is

11  powerless to proceed to an adjudication").  Similarly, a court may dismiss a lawsuit

12  where venue is improper.  28 U.S.C. § 1406(a) ("The district court of a district in

13  which is filed a case laying venue in the wrong division or district shall dismiss …

14  such case …)[11].

15        In this instance, where there is neither personal jurisdiction over Defendant

16  Bullard nor proper venue, two independent bases exist for this Court to dismiss.

17  Following dismissal, Plaintiff could re-file his action in a district in which

18  jurisdiction and venue are proper.

19        Admittedly, dismissal is not necessarily the only remedy available for a

20  complaint filed where personal jurisdiction is lacking and venue is improper.  In

21  addition to authorizing dismissal where venue is improper, 28 U.S.C. § 1406(a)

22  provides that "if it be in the interest of justice, [the district court may] transfer such

23  case [laying venue in the wrong division or district] to any district or division in

24  which it could have been brought."  Section 1406(a) can be used to remedy defects

25  of either venue or personal jurisdiction.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463,

26  465, 82 S. Ct. 913, 915, 8 L. Ed. 2d 39 (1962) ("[n]othing in [the] language [of 28

27  U.S.C. §  1406(a)] indicates that the operation of the section was intended to be

28

---

[11]    Such rules apply to removed actions.  28 U.S.C. § 1390(c).

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04                                    24

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE

1 | limited to actions in which the transferring court has personal jurisdiction over the
2 | defendants").

3 |      Similarly, 28 U.S.C. § 1631 also authorizes the transfer of a civil action filed
4 | in a court where personal jurisdiction is lacking when it would be in the interest of
5 | justice to do so. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (case
6 | transferred under 28 U.S.C. § 1631 where personal jurisdiction lacking and venue
7 | improper).

8 | **IV.**    **CONCLUSION**

9 |      For the reasons set forth above, this action against Defendant Bullard should
10 | be dismissed for lack of personal jurisdiction and/or improper venue, or, if this
11 | Court finds that it is in the interests of justice, transferred to an appropriate forum
12 | pursuant to 28 U.S.C. §§ 1406(a) and/or 1631.

13 |

14 |     Respectfully submitted,

15 | DATED:  October 16, 2017          TODD W. BONDER, ESQ.
16 |     MICHAEL V. MANCINI, ESQ.
    ROSENFELD, MEYER & SUSMAN LLP

17 |

18 |     By: _____ */s/ Todd W. Bonder* _____
    Todd W. Bonder
19 |     Attorneys for Defendant
    THADDEUS MICHAEL BULLARD, SR.

20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

513909.04

25

BULLARD MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION/PROPER VENUE