TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
tbonder@rmslaw.com
MICHAEL V. MANCINI, ESQ. (Cal. Bar No. 263799)
mmancini@rmslaw.com
ROSENFELD, MEYER & SUSMAN LLP
232 North Canon Drive
Beverly Hills, California 90210-5302
Telephone: (310) 858-7700
Facsimile: (310) 860-2430

Attorneys for Defendant
THADDEUS MICHAEL BULLARD, SR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ANDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THADDEUS MICHAEL BULLARD SR. ("TITUS O'NEIL"), an individual; and DOES 1 through 300, Inclusive,<br><br>Defendants. | Case No. 2:17-CV-06671 VAP (KSx)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE; SUPPLEMENTAL DECLARATION OF THADDEUS MICHAEL BULLARD, SR.; AFFIDAVIT OF BRIAN TERWILLIGER; DECLARATION OF TODD W. BONDER; REQUEST FOR JUDICIAL NOTICE**<br><br>DATE: November 13, 2017<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 8A<br>350 West 1st Street<br>Courtroom Of the Honorable Virginia A. Phillips |

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

I. SUMMARY AND STATEMENT OF ADDITIONAL FACTS .................... 1

II. GENERAL JURISDICTION OVER BULLARD DOES NOT EXIST BECAUSE HIS CALIFORNIA CONTACTS ARE NOT SUBSTANTIAL, CONTINUOUS AND SYSTEMATIC ........................... 2

III. PLAINTIFF'S OPPOSITION DOES NOT ESTABLISH THAT SPECIFIC JURISDICTION OVER BULLARD EXISTS ............................ 6

    A. Plaintiff Has Made No Showing of "Purposeful Availment" By Bullard .......................................................................... 7

    B. This Case Does Not Arise From Or Relate To Bullard's California Contacts ...................................................................... 10

    C. Specific Jurisdiction Over Bullard Is Neither Reasonable Nor Convenient ........................................................................... 12

IV. CONCLUSION ......................................................................................... 12

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

15801-001000
514066.04

i

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

# TABLE OF AUTHORITIES

**CASES**   Page(s)

*BNSF Ry. Co. v. Tyrrell*,
    582 U.S. ___, 137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017) .................. 4-5

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
    223 F.3d 1082 (9th Cir. 2000) .................................................. 3, 6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ................. 7

*Calder v. Jones*,
    465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (2015) ............ 10-11

*Cornelison v. Chaney*,
    16 Cal. 3d 143 (1976) .......................................................... 4-5, 9

*Daimler AG v. Bauman*,
    571 U.S. ___, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ............... 2, 4

*Data Disc, Inc. v. Systems Tch. Assoc., Inc.*,
    557 F.2d 1280 (9th Cir. 1977) .............................................. 10-11

*Flynt Distrib. Co., Inc. v. Harvey*,
    734 F.2d 1389 (9th Cir. 1984) .................................................... 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) ............. 3-4

*Hanson v. Denkla*,
    357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) ................... 7

*Helicopteros Nationales de Columbia, S.A. v. Hall*,
    466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ................. 3

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011) ............... 7

*Jewish Defense Organization, Inc. v. Superior Court*,
    72 Cal. App. 4th 1045 (1999) ...................................................... 6

*Neadeau v. Foster*,
    129 Cal. App. 3d 234 (1982) ..................................................... 5-6

*Paccar Intern., Inc. v. Commercial Bank of Kuwait*,
    757 F.2d 1058 (9th Cir. 1985) ................................................ 10-11

*Perkins v. Benguet Consolidated Mining Co.*,
    342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 2d 485 (1952) ..................... 3

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ...................................................... 3

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514075.03

ii

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

*Seagate Technology v. A.J. Kogyo Co., Ltd.*,
  219 Cal. App. 3d 696 (1990) ............................................................................. 10-11

*Vons Companies, Inc. v. Seabest Foods, Inc.*,
  14 Cal. 4th 434 (1996) ............................................................................................ 8

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514075.03

iii

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

## I. SUMMARY AND STATEMENT OF ADDITIONAL FACTS

This case is about an out-of-state incident in which Floridian Thaddeus Michael Bullard, Sr. ("Bullard"), while preparing for work for Connecticut-based co-defendant World Wrestling Entertainment, Inc. ("WWE") as a professional wrestler at an arena in Norfolk, Virginia, was without his consent shocked with a cattle prod during the taping of a "prank" show Bullard was not involved with by a performer from England and, in response, allegedly kicked plaintiff Donald Anderson ("Plaintiff"). [*See* Affidavit of Brian Terwilliger ("Terwilliger Aff.") filed herewith, ¶¶ 8-12; Declaration of Julia M. McGuinness (Dkt No. 18) ("McGuinness Decl."), Ex. A at ¶7; Bullard Decl., ¶¶ 1-10.] Plaintiff sued Bullard in California, despite every pertinent event in this discrete tort action occurring in Virginia.

California is, as a matter of first principles, not the appropriate forum for adjudicating out-of-state alleged assaults by foreign defendants. Plaintiff's Opposition does not provide any factual or analytical reason to deviate therefrom.

Plaintiff cannot meet the "fairly high" standard for establishing general jurisdiction over Bullard because the evidence Plaintiff relies upon falls far short of proving that Bullard's activities in California are so "substantial, continuous and systematic" that he is essentially at home in the forum State. To the contrary, the evidence reflects that many of the contacts Plaintiff attributes to Bullard- such as "brand" promotion and merchandising- are, if anything, WWE contacts while Bullard's own contacts with California are no more than sporadic and attenuated. [*Id.*, ¶¶6-11; Supplemental Declaration of Thaddeus Michael Bullard, Sr. (Supp. Decl.") filed herewith, ¶2; Defendant's Request for Judicial Notice ("RJN") filed herewith, Exs. 1-3; Declaration of Todd W. Bonder ("Bonder Decl.") filed herewith, ¶¶ 4-8, Exs. 1-4.]

Similarly, Plaintiff cannot establish the existence of specific jurisdiction because he cannot satisfy any of the requisite elements therefore, no less all three. He cannot identify any California-directed activity or contacts by Bullard related to

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

1

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

the tort alleged and, further, has not demonstrated Bullard's "purposeful availment" of California benefits.

Instead, Plaintiff makes two irrelevant arguments. The first is that because a contract to which Bullard is not a party[1] contains a California choice-of-law provision, Bullard is subject to specific jurisdiction in California. The second is that since in California state court decisions have held foreign defendants who directed tortious activity at California residents <u>within California</u> or entered into contractual relations with California residents subject to specific jurisdiction in California, so is Bullard. As discussed below, neither position is tenable.

Having failed to satisfy either the first or second requirement for specific jurisdiction over Bullard, Plaintiff nevertheless argues that California remains a reasonable and convenient forum for the adjudication of this dispute. Aside from not being sufficient for jurisdictional purposes, Plaintiff's analysis is incorrect since there are at least five (5) material witnesses who are not California residents. [*See* Terwilliger Aff., ¶12; Bonder Decl., ¶3.]

Finally, Plaintiff requests discovery before dismissal is ordered. Such request should be denied, because the pertinent facts are not controverted and no revelation in discovery is going to change the underlying geographical facts of this case.

## II. GENERAL JURISDICTION OVER BULLARD DOES NOT EXIST BECAUSE HIS CALIFORNIA CONTACTS ARE NOT SUBSTANTIAL, CONTINUOUS AND SYSTEMATIC

As set forth in Bullard's moving papers, the United States Supreme Court has been clear that while general jurisdiction still exists it is an "obsolescing" concept. *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746, 756, 758, 760 & n. 8, 187 L.

---

[1] The referenced contract is Exhibit A to the McGuinness Decl. The parties to that contract are only WWE and Uranus Productions, LLC. [McGuinness Decl., Ex. A at § 7.] It contains a California choice-of-law provision, but no venue provision. [*Id.*, § 8(d).] It expressly does not bind Bullard or any other WWE wrestler. [*Id.*, § 7.] Bullard is not on the show. [Supp. Decl., ¶3.] As such, the contract is irrelevant to the issue of personal jurisdiction over Bullard.

Ed. 2d 624 (2014). General jurisdiction may be asserted only where the defendant actually resides in or engages in activities in the forum State on such a "substantial, continuous and systematic" basis as to be functionally "at home" in the selected forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446-447, 72 S. Ct. 413, 418-419, 96 L. Ed. 2d 485 (1952); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). This "fairly high" standard requires contacts by the defendant with the forum State substantial and pervasive enough to approximate his or her physical presence in the state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1083 (9th Cir. 2000); *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 1872-1873, 80 L. Ed. 2d 404 (1984).

Plaintiff cannot meet the standard established by the foregoing authorities. He acknowledges that Bullard is not a California resident (Opp. at 3:8-9), and any California contacts Bullard may have can best be described as sporadic visits and occasional work at WWE's direction. [Bullard Decl. ¶¶ 3-11; Supp. Decl. ¶2.] Even were one to disregard the inaccuracies and gross overstatement of number of contacts in Plaintiff's evidentiary submissions, Bullard's contacts as alleged by Plaintiff over the last three years would average no more than at most approximately nine (9) per year. [FAC, ¶¶ 9(A)-(W); Opp. at 4:1-5:20.] When inaccurate contacts are discounted and any remaining contacts are appropriately consolidated when occurring on the same date or in close temporal proximity, a <u>substantially</u> lower yearly average of at most six (6) contacts is evident.[2] No authority converts

---

[2] Plaintiff claims that Bullard visited California on no more than perhaps sixteen (16) days in 2017, five (5) in 2016, and six (6) in 2015. [FAC, ¶¶ 9(A)-(W); Opp. at 4:1-5:20.] At least three (3) of those have been refuted by Bullard. [Bullard Decl. ¶11.b; Supp. Decl. ¶2(b).] Of the remaining contacts Plaintiff claims, many occurred on the same day and are redundantly counted by Plaintiff –four (4) of them occurred on one day, several additional pairs took place on the same day, and virtually all occurred in blocks during short visits to California. [*Id.*; FAC, ¶¶ 9(N)-(Q); Opp. at 4:16-24.]

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

3

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

scattered visits to California or related social media usage into general jurisdiction.

Despite irrefutable evidence to the contrary, Plaintiff also continues to insist that Bullard conducts business by pursuing personal business interests in California. That assertion is demonstrably false, as well as not factually supported by Plaintiff. For example, all "Titus Oneil" branding and intellectual property is owned by WWE. [Bullard Decl., ¶11.a; Supp. Decl., ¶2(a).] And it is WWE, not Bullard, that sells merchandise online at https://shop.wwe.com/titus-oneail-worldwide-authentic-t-shirt/HI2001.html. [*Id*; RJN, Exs. 1-3; Bonder Decl. ¶¶ 4-8, Exs. 1-4.] Bullard conducts no personal business in California. [Bullard Decl., ¶7.]

Plaintiff's argumentation on the matter is not evidence and, in any event, does not contradict the plain evidence before this Court. Bullard does not own the "brand" as Plaintiff claims, and Bullard does not conduct personal business in California when he tweets, sparingly, about himself and it.

In addition to disregarding the evidence, Plaintiff's Opposition ignores the legal authority provided in support of Bullard's Motion and herein, choosing instead to distinguish *Daimler* on its facts. But Bullard does not rely upon a comparative factual analysis between *Daimler* and this dispute – Bullard's citation to *Daimler* merely provides, as Plaintiff acknowledges, "the *limits* of general jurisdiction." (Opp. at 8:15.) For obvious reasons, this case does not fit within those limits.

*BNSF Ry. Co. v. Tyrrell*, 582 U.S. __, 137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017), and *Cornelison v. Chaney*, 16 Cal. 3d 143 (1976), demonstrate that even contacts far more extensive than those alleged by Plaintiff are insufficient to establish general jurisdiction. For example, *BNSF*, citing *Daimler* and *Goodyear*, *supra,* held that although the corporate defendant maintained continuous and systematic railroad business operations within the forum State, "in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum State]." *BNSF Ry. Co., supra*, 137 S. Ct. at 1559.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

4

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

Not only does Plaintiff fail to distinguish *BNSF*, he simultaneously ignores *Cornelison v. Chaney*, 16 Cal. 3d 143 (1976), in arguing in favor of general jurisdiction. That is telling, because as described in Bullard's moving papers *Cornelison* stands for the proposition that facts such as those before this Court do not satisfy the requirements for establishing general jurisdiction over a foreign defendant.[3] *Id.* at 146-149.

Instead of citing persuasive authority that might assist this Court, Plaintiff relies entirely upon two non-binding and easily distinguishable state court decisions. The first, *Neadeau v. Foster*, 129 Cal.App.3d 234 (1982), is entirely inapposite. That case involved a breach of contract dispute in which the out-of-state defendant both contracted with a California business to provide services to it and visited California for the express purpose of meeting with the California plaintiff. *Id.* at 238-240. The California court's explanation for its finding of general jurisdiction is instructive:

> The instant action for breach of contract is directly related to defendant's business activity within this state. The agreement was intended to affect and facilitate defendant's business interests both in California and throughout the United States. It was defendant who first contacted plaintiff with the idea of revamping the business. Defendant then came to California to meet with plaintiff and discuss the business and plaintiff's potential involvement. The contract was signed in California. Defendant anticipated and sought an economic benefit in California by way of plaintiff's efforts under the contract.

*Id.* at 240. Such facts have no application here.

In this matter, Bullard made no outreach of any kind to Plaintiff. Bullard did

---

[3] Plaintiff's Opposition ignores the Motion's analysis of *Cornelison* on the issue of general jurisdiction, choosing instead to rely on it with regard to specific jurisdiction where it has no applicability for the reasons set forth in footnote 3 of the Motion. Plaintiff's selective approach on this issue, including his choice not to address the points raised in Bullard's moving papers, is instructive.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

5

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

not even know Plaintiff, no less where he was from. Moreover, none of Bullard's California-related activity bore any relation to Plaintiff or to the alleged incident, or constitute a contractual relationship with a California resident or the operation by Bullard of a business enterprise with continuous and systematic operations within California (or at all). *Neadeau* does not support the exercise of general jurisdiction over Bullard.

Neither does *Jewish Defense Organization, Inc. v. Superior Court*, 72 Cal. App. 4th 1045 (1999), which Plaintiff cites for the proposition that "the maintenance by a nonresident defendant of a commercial internet site that forum state residents can access and interact with is exactly the type of continuous and systematic contact that gives rise to general jurisdiction." *Id.* at 1060. Where correct or not, the fact remains that Bullard does not operate or maintain a commercial website. *Jewish Defense Organization, Inc.* is also non-binding and irrelevant to the matter at hand.

In summary, Bullard's visits to California are scattershot. What Plaintiff characterizes as "substantial, continuous and systematic" is nothing more than Bullard visiting California every once in a while and, perhaps, posting about it on social media.[4] Bullard is not "at home" in California. Bullard's sporadic contacts with California do not approximate his physical presence within California. This Court, therefore, lacks general jurisdiction over him. *Bancroft & Masters, Inc.,supra*, 223 F.3d at 1083. With no authority cited by Plaintiff supporting the forum State's assertion of general jurisdiction over Bullard, this Court should decline to do so.

### III. PLAINTIFF'S OPPOSITION DOES NOT ESTABLISH THAT SPECIFIC JURISDICTION OVER BULLARD EXISTS

As noted in Bullard's moving papers, the test for determining whether a court

---

[4] Plaintiff claims in his Opposition that Bullard spends "nearly every single month" in California (Opp. at 3:27; McGuinness Decl., ¶ 3), but that is demonstrably false. Plaintiff's own evidence and allegations demonstrate that Bullard only visited California for several days during five months of 2017, two months of 2016, and three months of 2015. That is not "every single month" of the year, nor is it close. The most that can be said is that Bullard may have visited California a few months for no more than a few days during each visit.

has specific jurisdiction over a foreign defendant is a three-step process, with each step being mandatory such that if any step is not satisfied specific jurisdiction cannot be asserted. As the Supreme Court has explained, specific jurisdiction will apply where the nonresident defendant "'deliberately' has engaged in significant activities within a State [citation] or has created 'continuing obligations' between himself and residents of the forum [citation]," such that the nonresident defendant "manifestly has availed himself of the privilege of conducting business [in the forum], and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-476, 105 S. Ct. 2174, 2184-2185, 85 L. Ed. 2d 528 (1985). Despite needing to satisfy all three criteria, Plaintiff has not met even one.

### A. Plaintiff Has Made No Showing of "Purposeful Availment" By Bullard

Plaintiff bears the burden of demonstrating Bullard's purposeful availment of the privilege of conducting activities within California. *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). He must demonstrate more than attenuated contacts with California, and instead demonstrate that Bullard has purposefully directed intentional acts toward California by which he has taken advantage of the benefits and privileges of its laws, thereby justifying the exercise of personal jurisdiction therein. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780, 2785, 180 L. Ed. 2d 765 (2011); *Hanson v. Denkla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958). The facts demonstrate just the opposite, *i.e.*, that Bullard has not purposefully availed himself of California protections or laws, or directed his activities at California residents. Instead, he has merely traveled through California, used social media, and, once in a while, performed for WWE under contract at their direction.

Plaintiff cites no authority for the proposition that traveling, tweeting, or occasionally working in California at the direction of WWE constitutes purposeful

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

7

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

availment by Bullard. Instead, Plaintiff tries to compare this case to *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal. 4th 434 (1996), a state court decision in which out-of-state businesses entered into ongoing franchise relationships with California-resident businesses, which relationships were negotiated and entered into within California and subject to the application of California law and required indemnification by the nonresident defendants in the event of litigation. As a consequence, the foreign businesses were held subject to specific jurisdiction within California in connection with a dispute arising out of the operation of the California franchises. *Id.* at 449-450. Indeed, the *Vons* court's holding is clear that the ongoing and intentional commercial connections between the nonresident defendants and California-resident businesses provided the basis for assertion of specific jurisdiction:

> When, as here, the defendants sought out and maintained a continuing commercial connection with a California business, it is not necessary that the claim arise directly from the defendant's contacts in the state.

*Id.* at 453. As the court noted, it was the "substantial connection" between the nonresident defendants and the California parties that was determinative of the result in *Vons*. *Id.* at 452.

*Vons* bears no resemblance to the instant matter because Bullard has no ongoing "substantial connection" with any California resident or business. There is no argument, allegation or evidence that Bullard reached out to any California resident for any purpose directed at California or for any financial gain. Not only is *Vons* not binding authority, it is inapposite as well.[5]

---

[5] In fact, while attempting to argue that Bullard has purposefully availed himself of the benefits of California's protections and laws, Plaintiff cites *Vons* for the misplaced proposition that California is convenient under a liberalized understanding of jurisdictional fairness, a point that has absolutely nothing to do with whether Bullard purposefully availed himself of the benefits of California's protections and laws. (Opp. at 10:1-10.) Plaintiff makes no genuine argument on the point, instead conclusively stating, without citation to law or evidence, that "Bullard has purposefully availed himself of the benefits of California." (*Id.* at 10:22-23.) Plaintiff is wrong.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

8

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

The only other case cited by Plaintiff in support of his purposeful availment argument is *Cornelison, supra*. However, the citation has nothing to do with purposeful availment; instead, it comes from the part of the decision analyzing the burden of asserting specific jurisdiction in California. Thus, it comes from an analysis of step three of the specific jurisdiction test, and is not part of a purposeful availment analysis at all. *Cornelison, supra*, 16 Cal.3d at 151.

Moreover, the citation is not helpful to Plaintiff. As noted in Bullard's moving papers, in *Cornelison*, the interstate business in question was a multi-state trucking business in which the nonresident defendant truck driver traveled through California approximately 20 times per year, got in an accident just outside the California border while en route to California on one of those trips, and was sued in California. *Id.* at 146-149. Although such California-related activity did not confer general jurisdiction over the nonresident defendant, it did confer specific jurisdiction. Such jurisdiction was <u>not</u> found to exist therein because of generic California contacts, as Plaintiff implies in the Opposition, but because of the tight nexus between the California-directed activity (*i.e.*, an established pattern and practice of truck driving in California for commercial purposes), the purpose of the activity at issue in the suit (*i.e.*, the imminent delivery of commercial products within California), and the California-directed nature of the incident at issue (*i.e.*, a vehicle accident just outside California during a trip headed directly into California for commercial purposes, just like all of the other 20 trips per year). *Id.* at 149-151.

As explained in the Motion, the facts at issue in *Cornelison* are easily distinguishable for purposes of specific jurisdiction from those at issue herein. In this matter, what is at issue is Bullard's alleged response to being assaulted by an Englishwoman with a cattle prod while walking unawares at a temporary place of work in Norfolk, Virginia. Plaintiff makes no showing that such response, which is denied, was in any manner related to traveling to California, performing for WWE in California, or tweeting in California about the WWE or any "brand" WWE owns.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

9

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

B. **This Case Does Not Arise From Or Relate To Bullard's California Contacts**

Plaintiff's argument that the incident itself arose from or relates directly to Bullard's alleged California contacts is not viable. Bullard's alleged kicking of Plaintiff in Norfolk, Virginia, the only interaction between Plaintiff and Bullard alleged in the First Amended Complaint, does not arise from Bullard's traveling, tweeting, or performing in California.

Plaintiff offers two unconvincing alternatives. Plaintiff first argues that the contract under which "the parties" in this case were acting was a contract involving a California company and containing a California choice-of-law provision. However, the referenced contract (which was apparently obtained, in clear violation of California law, by subpoena prior to service of process on any defendant) is between WWE and Uranus Productions, LLC. [*See* Opp. at 11:9-16; McGuinness Decl., Ex. A.] Bullard is not party to it. [*Id.;* Supp. Decl., ¶3.] Bullard was not operating in contractual privity with any California resident. [*Id.*] Accordingly, Plaintiff's argument on this point fails.

Plaintiff next argues, remarkably, that in any instance where an intentional tortfeasor harms a California resident anywhere on this planet, California automatically has specific jurisdiction over the dispute. [Opp. at 11:20-22.] Such argument mischaracterizes decisions by the Supreme Court, Ninth Circuit Court of Appeals, and California courts of appeal. [*See* Opp.. at 11:23-25 (citing *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984); *Data Disc, Inc. v. Systems Tch. Assoc., Inc.*, 557 F.2d 1280, 1288 (9th Cir. 1977); and *Seagate Technology v. A.J. Kogyo Co., Ltd.*, 219 Cal. App. 3d 696, 702-703 (1990)); 12:17-18 (citing *Paccar Intern., Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1064-1065 (9th Cir. 1985)).] In reliance upon those mischaracterizations, Plaintiff concludes: "[s]imply put, Bullard attacking a California resident results in his actions arising out his [sic] contacts with California." [Opp. at 12:19-20.]

That is not an accurate statement of law. Consider the *Paccar* decision. As

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

10

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

the Ninth Circuit stated therein, the pertinent legal principle that "[t]he commission of an intentional tort <u>in a state</u> is a purposeful act that will satisfy the first two requirements under *Data Disc*." *Paccar, supra*, 757 F.2d at 1064 (emphasis added). Rather than recognize the court's limiting language, Plaintiff incorrectly cites *Paccar* for the notion that any intentional harm that might befall a Californian anywhere is automatically subject to California's specific jurisdiction. [*See* Opp. at 12:15-17.] *Paccar* does not say, or support, Plaintiff's interpretation of the law.

Plaintiff's other citations are equally unavailing. Both *Calder v. Jones* and *Data Disc* are cases in which tortious acts (defamatory statements and misrepresentations, respectively) directed at California residents were intentionally committed within California. Jurisdiction was found in each instance because the nonresident defendant intentionally directed wrongful acts within California's borders, thereby intentionally causing harm to residents within those same borders. *Calder, supra*, 465 U.S. at 789-790; *Data Disc, supra*, 557 F.2d at 1288-89. It is hard to imagine more dissimilar circumstances than the allegations herein, in which two persons were allegedly in physical contact with one another not in California but, instead, in Norfolk, Virginia. Perhaps more importantly, neither decision's holding supports Plaintiff's overbroad interpretation of specific jurisdiction.

Finally, although Plaintiff does not explain why he cites *Seagate Technology*, the California state court case does not support Plaintiff's overbroad interpretation of specific jurisdiction. Instead, *Seagate Technology* stands for the proposition that a corporate director may become jointly liable for his conduct as a director where the corporate conduct was wrongful, and such personal liability "may be the contact of the individual as well as the contact of the corporation and, therefore, should be considered in determining if the forum state has personal jurisdiction over the individual." *Seagate Technology, supra*, 219 Cal. App. 3d at 702. In that case, the conduct giving rise to specific jurisdiction was the director's personal execution of a guarantee for the benefit of a California corporation, which guarantee was

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

514066.04

11

REPLY IN SUPPORT OF MTD
FOR LACK OF PERSONAL
JURISDICTION

enforceable within California. 219 Cal. App. 3d at 703. The case has nothing to do with physical torts occurring outside the forum State, and is entirely inapposite.

Nothing Plaintiff alleges or attempts to evidence demonstrates that Bullard directed any of the alleged activities giving rise to this suit at California. Because such a demonstration cannot be made no matter what discovery might uncover, no basis exists for this Court to assert specific jurisdiction over Bullard.

### C. Specific Jurisdiction Over Bullard Is Neither Reasonable Nor Convenient

Even assuming, *arguendo,* that Plaintiff were to overcome the first two hurdles to specific jurisdiction, this forum would still be an inconvenient and unreasonable one for the instant dispute. There are at least, not counting Bullard himself, five (5) out-of-state witnesses to the incident who will be called by Bullard: Lisa Lee, Brian Terwilliger, Jessica Palumbo, Mark Currano, and Saraya-Jade Bevis a/k/a "Paige," the performer who shocked Bullard with a cattle prod without his consent. [Terwilliger Aff., ¶12; Bonder Decl., ¶3.]

The remainder of the requisite considerations for determining whether personal jurisdiction over Bullard would be reasonable are adequately addressed in the Motion, and will not be repeated herein.

## IV. CONCLUSION

Since the essential facts pertinent to jurisdiction are not controverted and no revelation in discovery is going to change the underlying geographical facts of this case and its lack of connection to this forum, Plaintiff's request for jurisdictional discovery should be denied and, for the reasons set forth above and in Bullard's moving papers, this action against Defendant Bullard dismissed.

DATED: October 30, 2017

TODD W. BONDER, ESQ.
MICHAEL V. MANCINI, ESQ.
ROSENFELD, MEYER & SUSMAN LLP

By: */s/ Todd W. Bonder*
Todd W. Bonder
Attorneys for Defendant
THADDEUS MICHAEL BULLARD, SR