**United States District Court
Central District of California
Western Division**

JS-6



FILED
CLERK, U.S. DISTRICT COURT

NOV 15, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY:    BH    DEPUTY

Donald Anderson,

                              Plaintiff,

        v.

Thaddeus Michael Bullard et al.,

                              Defendants.

Case No. 2:17-CV-06671-VAP (KS)

**Order Granting
Defendant's Motion to
Dismiss for Lack of
Personal Jurisdiction
(Doc. No. 16)**

On October 16, 2017, Defendant Thaddeus Michael Bullard, Sr. ("Bullard") filed his Renewed Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue. (Doc. 16, hereinafter "Motion" or "Mot.".) Plaintiff Donald Anderson ("Plaintiff") filed his Opposition to Defendant's Motion on October 23, 2017. (Doc. 17, hereinafter "Opposition" or "Opp'n".) On October 30, 2017, Bullard filed his Reply. (Doc. No. 21.) He also filed Objections to evidence in the Opposition. (Doc. No. 22.)

After consideration of the papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced at the hearing, the Court GRANTS Defendant's Motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint alleges he is a camera operator who was employed by Uranus Productions LLC ("Uranus"), a California production company. On May

1

18, 2015, Plaintiff was the camera operator for a web-based television show called "Swerved," which was to be shown on the WWE ("Worldwide Wrestling Entertainment") Network.  (Doc. No. 12, hereinafter "FAC," ¶¶ 16-22.)  The filming of the show took place on WWE premises in Norfolk, Virginia.  (Mot. at 8.)  The premise of the episode was to play pranks on unsuspecting WWE personalities by shocking them with an electric shock device.  (FAC ¶ 21.)

Plaintiff alleges he followed the host of the show, another WWE wrestling personality, with a handheld camera to capture Defendant Thaddeus Bullard's ("Bullard"), a.k.a. Titus O'Neil, reaction to being shocked.  (FAC ¶ 24.)   Upon being shocked, Bullard became enraged, immediately confronted Plaintiff in a threatening manner, and kicked Plaintiff's hand with great force.  (FAC ¶¶ 27-28.)  Plaintiff further alleges Bullard has a history of anger management issues known to WWE, Bullard's employer, and Plaintiff was advised to leave the premises to avoid the risk of further assault by Bullard.  (FAC ¶ 23, 29.)  As a result of the incident, Plaintiff sustained severe and lasting injury from the assault that has caused him significant medical expense, loss of wages, disability and emotional distress.  (FAC ¶¶ 32-41.)

Plaintiff further alleges that Bullard has been present in California consistently between March 2015 and September 2017.  (FAC ¶ 9, Opp'n at 4-5, Exs. A-Z.)  In support, Plaintiff provides a list of twenty-seven occasions on which Bullard made an appearance in California in connection with his work for the WWE and promoting his personal brand as a WWE personality.  (Id.)  Plaintiff also alleges that Bullard sells merchandise in connection with his brand on WWE's website.  (FAC ¶ 9; Opp'n at 5.)

On May 2, 2017, Plaintiff filed his initial Complaint in the California Superior Court, County of Los Angeles, alleging the following causes of action: (1) battery; (2) assault; (3) willful misconduct; (4) negligence; (5) gross negligence; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress.  (See Doc. No. 1.)  Bullard removed the case to the United States District Court on September 11, 2017.  (Doc No. 1.)  On September 25, 2017, Bullard filed a Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue.  (Doc. No. 11.)  On October 2, 2107, Plaintiff filed his First Amended Complaint, adding jurisdictional allegations and listing World Wrestling Entertainment, Inc. as a named defendant.  In light of the FAC, the Court denied as moot Bullard's initial Motion to Dismiss (Doc. No. 11) on October 12, 2017.  (Doc. No. 15.)  On October 16, 2017, Bullard filed his instant Motion. (Mot.)  Plaintiff filed his Opposition on October 23, 2017 (Opp'n.)  Defendant filed his Reply (Doc. No. 21) and an Objections to Evidence and Declarations Submitted in Support of Plaintiff's Opposition (Doc. No. 22) on October 30, 2017.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction.  In diversity cases where no federal statute governing personal jurisdiction is applicable, the "long-arm statute" of the state in which the district court sits applies.  Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003), citing Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993).  In California, the applicable jurisdictional statute permits local courts to exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States."  Cal. Code Civ. P. §

410.10.  Accordingly, a court need only determine whether personal jurisdiction over a defendant meets the requirements of due process.  Harris Rutsky & Co. Ins. Servs., Inc., 328 F.3d at 1129; Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1287, 1258 (9th Cir. 1989).  Due process requires that non-resident defendants have "certain minimum contacts" with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945).

A court may exercise personal jurisdiction over a non-resident defendant generally or specifically.  Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997).  A court may assert general jurisdiction when the defendant's activities within the forum state are so 'continuous and systematic' as to render them essentially at home in the forum State.  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).  This is an exacting standard, because "a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."  Schwarzenegger v. Fred Martin Motor Co., 374 F. 3d 787, 801 (9th Cir. 2004).  Alternatively, a court can exercise specific jurisdiction if (1) the non-resident defendant purposefully directs his activities or consummates some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claims arise out of, or relate to, the defendants' forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable.  Id. (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

A plaintiff has the burden to establish a court's personal jurisdiction over a defendant. Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984). If the court acts on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction." Harris Rutsky & Co. Ins. Servs., Inc., 328 F.3d at 1129; Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). A plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); see also AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (stating that where the trial court rules on a jurisdictional issue based on affidavits and discovery materials without holding an evidentiary hearing, the plaintiff need only make prima facie showing). "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." Id. (internal citations omitted). Moreover, the Court must analyze whether it has personal jurisdiction over each defendant separately. Harris Rutsky & Co. Ins. Servs., Inc.., 328 F.3d at 1130.

A dismissal for lack of personal jurisdiction is without prejudice. See Grigsby v. CMI Corp., 765 F.2d 1369, 1372 n. 5 (9th Cir.1985).

### III.   DISCUSSION

Plaintiff has not alleged facts that if true would render Bullard "at home" in California or establish that Bullard's alleged tortious conduct created a substantial connection with California. Therefore, Plaintiff has not demonstrated that Defendant is subject to personal jurisdiction either generally or specifically. As the

Court has determined that asserting jurisdiction over Bullard in California is not proper, it does not reach the issue of whether venue in the Central District of California is proper.

## A. The Court Lacks General Jurisdiction

As stated above, in order for the Court to exercise general jurisdiction over Bullard, Plaintiff must establish that he is either a resident of California or engages in activities with California that are "continuous and systematic" as to render Bullard "at home" in California. Goodyear, supra, 564 U.S. at 919.[1]  The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to "approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Goodyear, 564 U.S. 915 at 924 (2011).[2]

Plaintiff does not contend that Bullard is a resident of California.  (See generally Opp'n.)  Instead, Plaintiff asserts in his Opposition that Bullard visited

---

[1] Service of process with physical presence in a forum state can also give rise to general jurisdiction. Water Wheel Camp Recreational Area, Inc. v. LaRance, 642 F.3d 802, 819 (9th Cir. 2011) ("In-state personal service also serves as a basis for personal jurisdiction."). The Notice of Removal does not detail where Bullard was served, however.  (See generally Doc. No. 1.)

[2] The plurality opinion of the United States Supreme Court in Burnham v Superior Court calls into question whether the extension of general jurisdiction over corporations based on substantial and continuous business activity can apply to an individual defendant, and thus whether general jurisdiction is proper anywhere other than their state of residence.  495 U.S. 604, 610 n.1 (1990).

California on several occasions within the scope of his employ, as well as to independently promote his brand as a professional wrestling personality.  (Opp'n at 3.)  Additionally, Plaintiff asserts that general jurisdiction exists because merchandise associated with Bullard's brand is sold on the WWE's website.  (Opp'n at 4.)  Plaintiff asserts these visits and sales establish "long-standing systematic and continuous contacts between Bullard and California."  (Opp'n at 9.)

Even taking as true Plaintiff's assertions that over the past few years Bullard has promoted his brand and benefited from the sale of online merchandise within California[3], the Court finds these contacts fall far below the "fairly high" standard for asserting general jurisdiction.  Though Plaintiff characterizes Bullard's contacts as persistent, the Court finds these contacts are not continuous or systematic, nor do they render Bullard at home in California. See Goodyear, supra, 564 U.S. at 919. Bullard's intermittent appearances in California as a performer and promoter are not sufficient for the Court to exercise general jurisdiction over him.  See Scott v. Breeland, 792 F.2d 925, 928 (9th Cir. 1986) (affirming dismissal for lack of jurisdiction because occasional musical performances and sale of albums in California were not sufficient contacts to exercise general jurisdiction in California over a band or its member for an assault that took place in Nevada).

Accordingly, the Court finds it lacks general jurisdiction over Bullard.

---

[3] Bullard disputes this with an affidavit and exhibits, pointing out that the website Plaintiff cites is the WWE's, not Bullard's, and that Plaintiff has not alleged a particular role or stake Bullard has in the sale of these goods in California.  (See Doc. 21-2.) For purposes of this Motion, however, the Court will take Plaintiff's allegations as true.

## B. The Court Lacks Specific Jurisdiction.

As stated above, the Court may exercise specific jurisdiction over an absent defendant in actions if: (1) the non-resident defendant purposefully directs his activities or consummates some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claims arise out of, or relate to, the defendants' forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Plaintiff has the burden of establishing the first two prongs. Id. If Plaintiff does not satisfy either of these prongs, the Court does not have personal jurisdiction. Id. Only if Plaintiff establishes the first two prongs must Bullard then "present a compelling case" as to why the exercise of jurisdiction would not be reasonable. Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

### 1. Plaintiff Has Not Established that Defendant either Purposefully Availed Himself Of, or Purposefully Directed His Activities To, California.

With regard to the first prong, "a showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Id. "A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." Id. at 803 (citing

Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774–75 (1984)).  Neither framework supports specific jurisdiction here.

### a. Purposeful Direction

Purposeful direction is the framework more commonly applied to tort claims. Schwarzenegger, 374 F.3d at 802.  In determining purposeful direction, the Court applies the "effects test" that the United States Supreme Court enunciated in Calder v. Jones, 465 U.S. 783 (1984).  See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006).  As applied to this case, the "effects test" ascertains whether Bullard (1) committed an intentional act, (2) expressly aimed at California, and (3) caused harm that Bullard knew to be likely to be suffered in California.  Dole Food Co., 303 F.3d at 1111 (citing Calder, 465 U.S. at 788-89).

In his Opposition, Plaintiff implies that Bullard's alleged assault fulfills these requirements because he intended to harm Plaintiff, a California resident, and the resulting injury to Plaintiff was medically treated in California.  (Opp'n at 12.)   In the context of purposeful direction of tortious conduct, however, "Calder made clear that mere injury to a forum resident is not a sufficient connection to the forum."  Walden v. Fiore, _U.S._, 134 S. Ct. 1115, 1125 (2014).  "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Id.  Even if Plaintiff's residency were a sufficient connection, Plaintiff has not established that Bullard was aware of where Plaintiff resided and therefore expressly aimed his actions at California or knew harm would be suffered there.  Thus,

Plaintiff has not shown that Bullard purposefully directed activities at California in the context of this alleged physical tort.

### b. Purposeful Availment

In support of the first prong, Plaintiff argues Bullard purposefully availed himself of California's laws because Plaintiff's claims arise "out of a contractual relationship between Bullard's employer, WWE, and Anderson's employer, and events that occurred when [Plaintiff] and Bullard were involved in fulfilling those contractual obligations."[4] (Opp'n at 9.) Bullard is not a party to this production contract, however. Plaintiff cannot use this contract to show that Bullard availed himself of California, since Plaintiff has failed to identify any benefit or protection from California that Bullard derived from such a contract. Plaintiff has not even alleged that Bullard was aware of the contract's existence at the time of the alleged assault. Moreover, Plaintiff fails to identify conduct by WWE, the contracting party, which amounts to "conducting activities" in California in respect to the contract. Purposeful availment is evidenced by performance or execution of the contract by an absent party in the forum state. Schwarzenegger, 374 F.3d at 803; see also Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) ("Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum"). Plaintiff seems to contend the contract between WWE and

---

[4] Plaintiff seems to also argue in his Opposition that a California choice of law provision in the production contract between WWE and Uranus should govern this case. As Bullard is not a party to the contract, nor is this matter a suit in contract, this provision is irrelevant. The claims against Bullard in this case did not derive from the contract between WWE and Uranus, but from Bullard's alleged assault on Plaintiff in the State of Virginia.

Uranus evidences purposeful availment simply because Uranus, a California company, is operating in a foreign state.

Plaintiff also asserts that because Bullard "persistently travels to California to promote the WWE, [Bullard's] Brand and himself," this interstate character of his business activity gives rise to specific jurisdiction in a suit connected with his employment on WWE premises in Virginia.  (Opp'n at 10.)  This argument mistakenly reintroduces a general jurisdiction standard into a specific jurisdiction analysis.  These activities are not sufficiently related to the claims of this lawsuit to confer jurisdiction.  (See section 2 below.)

### 2.   Plaintiff's Claims Do Not Arise Out of Or Relate to Defendants' Forum-Related Activities

To establish specific jurisdiction, the plaintiff must demonstrate that the contacts constituting purposeful availment are related to the current suit.  Bancroft & Masters, Inc., 233 F.3d at 1088.  To satisfy this requirement, the plaintiff must show that "but for" the defendants' forum-related conduct, the injury would not have occurred.  Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001); Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003) (the contacts must be "sufficiently related to the underlying causes of action" and "have some degree of proximate causation to be considered for purposes of jurisdiction").

None of the alleged contacts that Defendant has with California satisfy this requirement.  The United States Supreme Court in Walden v. Fiore is particularly instructive: "a forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the

necessary contacts with the forum."  134 S. Ct. at 1123.  Thus, in order for him to be
subject to specific jurisdiction, Bullard's "*suit-related conduct* must create a
substantial connection with the forum State."  Id. at 1121 (emphasis added).  This
"substantial connection" has two requirements: (1) "the relationship must arise out
of contacts that the 'defendant *himself*' creates with the forum State" and (2) the
defendant's contacts must be with the state itself, not contacts with persons who
reside there.  Id. at 1122 (emphasis in original).

 In so far as Plaintiff alleges that Bullard has engaged in any activities that avail
him of benefits from California with regard to Bullard's interstate appearances, he
has not shown that the claims before the Court arose from these activities.  Plaintiff
lists numerous occasions that Bullard appeared in California to do performance work
for the WWE or to promote his wrestling personality.  (Opp'n at 4-5.)  Assuming
this business activity in California affords Bullard the benefit and protection of the
laws of California, the activities in California are still not related to Plaintiff's tort
claims that allegedly arose in Virginia.  The Court finds that none of Bullard's
business activity in California was a proximate cause of any alleged physical tort in
Virginia.  Plaintiff was not present in Virginia to film "Swerved" as a result of
Bullard performing at "WWE LIVE" in Long Beach, CA (See Opp'n at 4), for
example.  The Court declines to hale Bullard into its jurisdiction based on alleged
contacts that are at most "random, fortuitous and attenuated."   See Burger King
Corp., 471 U.S. at 475.

 Plaintiff argues that "but for" the contract between WWE and Uranus, the
alleged assault by Bullard upon Plaintiff would not have occurred.  (Opp'n at 11.)
WWE cannot create a substantial connection with California on Bullard's behalf,

and thereby create specific jurisdiction over Bullard.  Therefore, Bullard did not create a contact with California simply because his alleged conduct arose in the context of his employ with WWE.

Alternatively, Plaintiff asserts that the assault arose out of Bullard's contacts with California because Bullard allegedly assaulted a California resident.  (Opp'n at 11-12.)  Bullard's alleged tortious conduct is not substantially connected to California simply because Plaintiff resides in California and wishes to bring suit there.  See Walden, 134 S. Ct. at 1121 ("Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant— not the convenience of plaintiffs or third parties").

Plaintiff has not established a sufficient nexus between Plaintiff's claims and Bullard's alleged California-related activities.

Accordingly, the Court finds that Plaintiff has not met his burden as to the first two Schwarzenegger prongs with regard to Bullard.  Therefore the Court cannot exercise specific jurisdiction over him.[5]

## C. Plaintiff's Alternative Request for Limited Jurisdictional discovery

Given the Court's determination that there is no specific jurisdiction over the Bullard, the Court sees granting Plaintiff's request for limited jurisdictional discovery to be futile.  Plaintiff fails to specify the discovery he would propound and

---

[5] As the Plaintiff has not met his burden with regard to the first two prongs, the Court does not reach the third prong as to whether the Court's exercise of jurisdiction would otherwise be reasonable.

how that discovery would lead to information that would help it overcome the jurisdictional deficiencies discussed above.  (Doc. No. 17 at 21.)  Thus, Plaintiff's request is denied.

### IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction.  The action against Defendant Bullard is DISMISSED WITHOUT PREJUDICE to refiling in another court where personal jurisdiction over Bullard may be established.

**IT IS SO ORDERED.**

**IT IS SO ORDERED.**

Dated:    11/15/17                                             _____

                                                                        Virginia A. Phillips
                                                             Chief United States District Judge